**Derrick Anthony WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–00415–CR.**

Court of Appeals of Texas,
Dallas (1st Dist.).

May 16, 1991.

William Rice, Houston, for appellant.

Jack R. Stern, Fort Bend Co. Dist. Atty., for appellee.

Before WILSON and COHEN, JJ., and FRANK C. PRICE, Assigned Justice [1].

## OPINION

WILSON, Justice.

Appellant's first conviction for the offense of attempted capital murder was reversed and remanded for a new trial. In the first trial, appellant pled guilty to the offense, and was tried solely on punishment, which the jury assessed at 30 years confinement. After a full trial before a different judge on remand, the jury found appellant guilty of attempted capital murder, and the trial judge assessed punishment at 50 years confinement. Appellant complains about the increased punishment. We affirm.

On December 27, 1984, appellant entered a home where 12–year–old Yeano Hunter was watching over her younger brother while their mother was at work. The evidence showed appellant entered the home to burglarize it. During the course of the burglary, appellant stabbed Yeano with a screwdriver, once in the forehead and once in the shoulder. He tied her up with a telephone cord, put her in a bathroom closet, and left her momentarily. When he returned, he stabbed her repeatedly with a butcher knife, leaving her for dead, with the knife protruding from the middle of her spine. Yeano survived the attack, but sustained serious physical and emotional injury. At the time of the second trial, Yeano could walk with a limp, but had numerous scars on her neck, arms, ankles, back, and stomach, and she still suffered emotionally from the assault on her person.

Almost a year after the attack, Yeano saw appellant at a football game, and recognized him as her assailant. A subsequent police investigation led to Yeano identifying appellant from a photospread, and ultimately to appellant's arrest and written voluntary confession. In the confession, unchallenged in this appeal, appellant stated he burglarized Yeano's home because he needed money, and he decided

to kill Yeano "so that she couldn't tell anybody who [he] was."

In two points of error, appellant claims the trial judge's actions, in sentencing appellant to 50 years after a jury had sentenced him to 30 years in the previous trial, cannot be justified on existing constitutional principles.

In point of error one, appellant claims the judge improperly substituted his judgment for the jury's verdict, because he felt the previous jury had been too lenient. Appellant contends there are no objective facts regarding appellant's conduct different from the first trial, or any other circumstances, justifying the increased sentence. Appellant notes the second trial judge heard the same evidence as the original jury. In point of error two, appellant contends that, when the trial judge's decision is evaluated under the theory of actual vindictiveness, the increase in the sentence is unconstitutional.

The United Supreme Court in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), has held as controlling principles: (1) the constitutional guarantees against double jeopardy, and of equal protection, do not per se prohibit a judge from imposing a longer sentence than a defendant originally received after he sought and won a new trial; (2) the process of resentencing after a successful appeal and a retrial is subject to constitutional due process guarantees; (3) it is a violation of a defendant's 14th amendment due process rights for a trial judge to impose a harsher sentence following a new trial, when that increase in sentence is motivated by vindictiveness on the part of the punishing judge; (4) when a judge assesses a harsher sentence, the reasons for the increased sentence must appear of record to facilitate review; and (5) the reasons stated for increasing the punishment must be based "upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of

**1.** The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at

Houston, participating by assignment.

the original sentencing proceeding." 395 U.S. at 723, 726, 89 S.Ct. at 2079, 2081, 23 L.Ed.2d 656.

■ The practical result of the *Pearce* holding is that in cases where judges assess harsher sentences after retrial following successful appeal, an absence in the record of objective reasons for the judge's sentencing decision creates a presumption of vindictiveness in the sentence. In *Pearce*, this presumption required reversal, because it was not rebutted.

■ When, as in the present case, appellant was originally sentenced by a jury, and then was sentenced by a judge in the second trial, there is no presumption of vindictiveness. *Texas v. McCullough*, 475 U.S. 134, 140, 106 S.Ct. 976, 979, 89 L.Ed.2d 104 (1986). The *McCullough* Court stated, "vindictiveness of a sentencing judge is the evil the Court sought to prevent rather than simply enlarged sentences after a new trial. The *Pearce* requirements thus do not apply in every case where a convicted defendant receives a higher sentence on retrial." *Id.* at 138, 106 S.Ct. at 978. The *Pearce* limitation on information available to the trial judge for consideration on resentencing is broadened in *McCullough.* The scope of evidence that can be considered is enlarged from matters occurring after the first trial, as in *Pearce*, to allow consideration of all objective information, whether gained before, during, or after the first trial. *Id.* at 142, 106 S.Ct. at 980. The *McCullough* court also states that, "where the *Pearce* rule does not apply, the defendant may still obtain relief if he can show actual vindictiveness upon resentencing." *Id.* (citing *Wasman v. United States*, 468 U.S. 559, 572, 104 S.Ct. 3217, 3224, 82 L.Ed.2d 424 (1984)).

■ Further, no presumption of vindictiveness arises when the first sentence was based upon a guilty plea, and the second sentence follows a trial. *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 2205, 104 L.Ed.2d 865 (1989). The holding in *Smith* further refines the *Pearce* presumption of vindictiveness to narrow its application to situations in which there is a reasonable likelihood an unexplained increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where no such reasonable likelihood exists, the defendant has the burden of proving actual vindictiveness. *Id.* at 2204–2205, (citing *Wasman*, 468 U.S. at 569, 104 S.Ct. at 3223).

■ We hold that, under the facts of this case, no presumption of vindictiveness arises, in that there is not a reasonable likelihood that the increased sentence is a product of actual vindictiveness on the part of the trial judge. Appellant chose the judge, rather than the jury, to assess punishment. In *McCullough*, the Court recognized such election as an "affirmation of the judge's fairness." *McCullough*, 475 U.S. at 139, 106 S.Ct. at 979. Further, the first jury heard the punishment evidence in the context of a guilty plea, which may have been a factor in mitigating (from the second trial judge's viewpoint) the earlier sentence. Finally, we believe the *Pearce* decision, as later modified and limited by *McCullough* and *Smith*, permits a new judge to make his own appraisal of the evidence, and reach an independent sentencing decision without a presumption of vindictiveness arising. A different opinion regarding the proper sentence dictated by the evidence is not, in and of itself, evidence of vindictiveness. The burden remains for the appellant in this case to prove actual vindictiveness in the sentencing process.

■ The appellant argues it is error for the trial judge to make an independent appraisal of the evidence, substituting his judgment for that of the jury, absent a showing of other facts not heard by the jury, objective in their nature, and sufficient to justify the increased sentence. We hold that a new trial judge can take a fresh look at the evidence and make an independent judgment based on the same, or different facts, without raising a presumption of vindictiveness. Therefore, we overrule appellant's first point of error.

■ We further find that the trial judge in this case has stated sufficient, objective, and nonvindictive reasons on the record

that justify his decision. The trial judge, in determining a sentence, is granted wide discretion to determine the appropriate sentence. *Wasman,* 468 U.S. at 563, 104 S.Ct. at 3220. When the second trial judge, after a new trial, provides an on-the-record, wholly logical, nonvindictive reason for increasing the sentence, there is no abuse of discretion in increasing the sentence. *See McCullough,* 475 U.S. at 140, 106 S.Ct. at 979. Here, the trial judge stated on the record he had no participation or knowledge or involvement in appellant's first trial. He further stated:

> This Court has had the full benefit of all of the testimony in this trial ... all of which show that this crime, this offense, this assault occurred in an extremely brutal manner, the brutality emphasized by the victim, having her neck cut almost from ear to ear, severance of her spinal cord rendering her partially handicapped. The manner in which this offense occurred leaves [sic] this Court to believe that the sentence rendered at the first trial was not sufficient to accord to the brutality of the offense.
>
> This Court takes into further consideration the actions of this Defendant while this Defendant was incarcerated in the Institutional Division of the Texas Department of Criminal Justice and his inability to follow directions and rules, which resulted in actions against him while incarcerated.
>
> This Court further takes into consideration the demeanor of the Defendant during the course of this trial. With all of those factors being taken into consideration it's the judgment of this Court that the Defendant shall be sentenced to term of 50 years in the institutional division of the Texas Department of Criminal Justice.

As reflected in the record, the judge's reasons for increasing appellant's sentence are nonvindictive on their face. Further, appellant has not discharged his burden in showing this Court any sufficient reason to presume or demonstrate actual vindictiveness by the judge in sentencing.

■ Appellant argues that the evidence presented at the first and second trials was the same. However, because appellant has failed to bring forward the record of the first trial, this Court has nothing before it to review and cannot consider this argument. TEX.R.APP.P. 50(d). We note that appellant admits in his brief the second judge heard evidence from a witness unheard by the original jury, the victim's mother, Gail Hunter, about her daughter's adjustment to the crime, and to the incident's continued and long-lasting impact upon her emotional well being.

■ Appellant also argues there is nothing in the record to support the judge's assessment that appellant did not have the ability to follow the prison rules, while incarcerated between his first and second trial. His argument is founded on the fact that the three infractions that appear on his record occurred not long after he became incarcerated, and they were minor infractions of a nonviolent nature.

■ When imposing a new sentence after a new trial, the judge may consider events subsequent to the first trial that may throw new light upon appellant's "life, health, habits, conduct, and mental and moral propensities." *Pearce,* 395 U.S. at 723, 89 S.Ct. at 2079 (quoting *Williams v. New York,* 337 U.S. 241, 245, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337 (1949)). Therefore, the trial court's consideration of appellant's penitentiary record was proper.

■ Appellant further contends the record does not reflect instances of appellant's demeanor during the trial that would justify an increase of 20 years in his sentence. In assessing punishment, the judge was entitled to consider appellant's truthfulness as he testified. *United States v. Grayson,* 438 U.S. 41, 53, 98 S.Ct. 2610, 2617, 57 L.Ed.2d 582 (1978). The trial judge may consider appellant's conduct during trial to assess his moral character and suitability for rehabilitation. *Smith,* 109 S.Ct. at 2206. The judge's conclusions about appellant's trial conduct were properly considered in deciding appellant's sentence.

Appellant has not shown actual vindictiveness by the judge in the assessment of punishment. There is no showing by appellant of any sufficient reason to give rise to a suspicion, much less a conclusion, of improper motivation behind the trial judge's decision. The second point of error is overruled.

Therefore, because the judge was not vindictive in assessing a harsher punishment, and because there is no constitutional impediment to doing so, he was free to assess any punishment within the lawful range of punishment applicable to the offense charged. *Jackson v. State,* 766 S.W.2d 518, 521 (Tex.Crim.App.1988). Attempted capital murder is a first degree felony, and the range of punishment is 5 to 99 years. TEX.PENAL CODE ANN. § 19.03(a)(2) (Vernon 1989) & §§ 15.01(d), 12.32(a) (Vernon Supp.1991). The 50 years confinement assessed by the trial court is not only within the lawful range of punishment, but is fully justified by appellant's wanton actions.

The judgment is affirmed.