127 S.W.3d 197 (2003)
Dana Wayne WASHINGTON, Appellant,
v.
The STATE of Texas, Appellee.
No. 01-02-00926-CR.
Court of Appeals of Texas, Houston (1st Dist.).
October 30, 2003.
Discretionary Review Dismissed March 3, 2004.
*199 Douglas Durham, Houston, for Appellant.
Donald W. Rogers, Jr., Asst. Dist. Atty., William J. Delmore, III, Chief Prosecutor, Appellate Division, Charles A. Rosenthal, Jr., Dist. Atty.-Harris County, Houston, for Appellee.
Panel consists of Justices TAFT, JENNINGS, and HANKS.

OPINION
TIM TAFT, Justice.
A jury found appellant, Dana Wayne Washington, guilty of aggravated sexual assault and assessed punishment at 36 years in prison. Appellant appealed that conviction to this Court, and we reversed the judgment and remanded the cause for a new trial.[1]See Washington v. State, 16 S.W.3d 70 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). At the second trial, appellant was again found guilty by a jury, but elected to have his punishment assessed by the court, rather than by the jury. The trial court found enhancement allegations of prior convictions for delivery of cocaine and of simulated cocaine true and assessed punishment at 45 years in prison.
We determine (1) whether appellant had to preserve his factual-sufficiency challenge, (2) whether the evidence was factually insufficient to support appellant's conviction, and (3) whether the trial court's imposition of a harsher punishment upon the retrial was the result of presumptive vindictiveness. We affirm.

Facts and Procedural History
On June 22, 1998, S.L., the complainant, woke up around 9:00 a.m. and lingered around her home, which she shared with her family. She drank alcohol throughout the day and left her home sometime after 10:30 p.m. to buy more alcohol. She walked to a local store, but it was closed. At this point, S.L. encountered appellant, who told her that his name was "Joe." S.L. told him that she planned to buy alcohol. Appellant offered her a ride in his car, and the two visited a nearby gas station, where they ran into S.L.'s brother. Because S.L. did not want to buy alcohol in front of her brother, S.L. and appellant left to find another place at which to make their purchases. After the two had unsuccessfully visited a local night club, which was closed, they decided to buy their alcohol from the local "bootleg."[2] Each obtained alcohol from the bootleg.
Afterwards, S.L. told appellant that she wanted to go home. She was under the impression that appellant was driving her home because he was driving in the direction of her home. Appellant instead stopped at a house, which he told S.L. was his mother's house. Both appellant and S.L. went inside. While the two drank their alcohol, S.L. told appellant that she *200 wanted to go home, and appellant struck her with his hand without provocation. Appellant repeatedly said to S.L., "Bitch, do what I say." S.L. claimed that appellant continued to hit her with his fists and ripped off her clothing until she remained in only her undergarments. Appellant then dragged her by her hair out of the back of the house and into a small, unfurnished structure behind the house. Appellant continued to beat S.L., tried to separate her legs, and removed her undergarments so that she was completely unclothed. Appellant then removed his clothing and penetrated S.L. with his penis. Appellant pulled a knife, with which he began to poke and to slice S.L. Appellant then forced S.L. to perform fellatio on him. Appellant told S.L. not to leave or he would shoot her. Appellant then slept for a few hours, and S.L. decided that it was safe to leave early in the morning. S.L. ran back into the house, retrieved her clothing, and walked home.
Several hours later, S.L. decided to contact the police, who came to her home to investigate, to retrieve her clothing, and to take photographs and statements. S.L. had taken a bath before the officers' arrival. S.L. was interviewed by Houston Police Officer Blades. At trial, Officer Blades described S.L.'s demeanor as "shaken and almost ... in tears." Officer Blades also indicated that S.L.'s face was swollen, that she had a "three-inch laceration" on her neck, and that she had bruises on her arms and "puncture wounds" on her back. Officer Blades surmised that S.L. had been badly beaten, and S.L. told him that she had been raped. S.L. told Officer Blades that appellant's name was "Joe" and described appellant to the officer. After the police had concluded their initial investigation, S.L. went to the hospital for an examination.
During this preliminary investigation, Officer Blades also questioned appellant's brother, who told Officer Blades that he was present in the house at the time of the assault and that he was aware that a woman was present in the house with appellant.
At trial, S.L. testified that she did not know whether appellant had used a condom during the alleged assault. S.L.'s brother testified that he had encountered appellant and S.L. at the gas station on the night that the assault occurred. S.L.'s brother testified that, at the time that he encountered appellant and S.L. that night, S.L. did not look as if she had been physically assaulted and her face had not yet been lacerated or bruised.
Appellant called only one witness, Doctor John Arigbogu, the emergency room physician who had treated S.L. on the day after the assault. On direct examination, Doctor Arigbogu testified that, because S.L. visited the hospital more than 18 hours after the sexual assault, hospital policy precluded the administration of a rape kit. Doctor Arigbogu testified that he had conducted a pelvic examination on S.L. and could not find evidence of trauma, but that he did observe facial trauma and skin lesions on S.L. Doctor Arigbogu further testified that S.L. had gonorrhea, but that, due to the gestation period of gonorrhea, it had not been transmitted to her on the day of the assault.

Preservation of Error
The State contends that appellant did not preserve his factual-sufficiency challenge because he did not move for a directed verdict[3] and because his motion *201 for new trial did not present a factual-sufficiency point of error with sufficient particularity. The State thus argues that, under Texas Rule of Appellate Procedure 33.1(a)(1)(A), appellant has forfeited his factual-insufficiency challenge. See Tex. R.App. P. 33.1(a)(1)(A).
The State relies on the recent amendment to Texas Rule of Appellate Procedure 33.1, which amendment added subsection (d) effective January 1, 2003. Subsection (d) states:
In a nonjury case, a complaint regarding the legal or factual insufficiency of the evidenceincluding a complaint that the damages found by the court are excessive or inadequate, as distinguished from a complaint that the trial court erred in refusing to amend a fact finding or to make an additional finding of factmay be made for the first time on appeal in the complaining party's brief.
Tex.R.App. P. 33.1(d).
The State claims that the Court of Criminal Appeals, by adopting this provision expressly exempting factual-sufficiency challenges in non-jury cases from the general preservation rule, implicitly intended to subject factual-sufficiency challenges in jury cases to the general preservation rule. Assuming, without deciding, that Texas Rule of Appellate Procedure 33.1(d) applies to this case, we hold that the Court of Criminal Appeals did not intend, simply by adopting a rule affirmatively stating that defendants in non-jury cases are not required to preserve certain errors, to require criminal defendants in jury cases to preserve error on insufficiency-of-the-evidence complaints.
Effective September 1, 1997, rule 33.1 took the place of former Texas Rule of Appellate Procedure 52. See former Tex. R.App. P. 52, 49 Tex. B.J. 573 (Tex.Crim. App.1986, superceded 1997) [hereinafter "former rule 52"]. Former rule 52 contained subsection (d), which read as follows:
Necessity for Motion for New trial in Civil Cases. A point in a motion for new trial is prerequisite to appellate complaint in those instances provided in Rule 324(b) of the Texas Rules of Civil Procedure. A party desiring to complain on appeal in a nonjury case that the evidence was legally or factually insufficient to support a finding of fact, that a finding of fact was established as a matter of law or was against the overwhelming weight of the evidence, or of the inadequacy or excessiveness of the damages found by the court shall not be required to comply with paragraph (a) of this rule.
Former rule 52(d).
Texas Rule of Civil Procedure 324(b), referenced in former rule 52(d), makes a motion for new trial a prerequisite to raising only the following appellate complaints:
(1) A complaint on which evidence must be heard such as one of jury misconduct or newly discovered evidence or failure to set aside a judgment by default;
(2) A complaint of factual insufficiency of the evidence to support a jury finding;
(3) A complaint that a jury finding is against the overwhelming weight of the evidence;
(4) A complaint of inadequacy or excessiveness of the damages found by the jury; or
(5) Incurable jury argument if not otherwise ruled on by the trial court.
Tex.R. Civ. P. 324(b)(1)-(5) (emphasis added).
*202 Former rule 52(d), by its own express terms and by reference to rule 324(b), thus limited its requirement of preserving factual-sufficiency challenges by motion for new trial only to litigants in civil cases having jury trials.
The Court of Criminal Appeals replaced former rule 52 with rule 33, effective September 1, 1997. See Tex.R.App. P. 33, cmt. The 1997 version of rule 33.1 did not contain an equivalent to former rule 52(d). Effective January 1, 2003, however, the Court of Criminal Appeals again amended rule 33.1 to add subsection (d), which is quoted above. Rule 33.1(d)'s title ("Sufficiency of Evidence Complaints in Nonjury Cases") and text do not contain, as did former rule 52(d), either an express statement that the subsection applies only to civil cases or a reference to civil procedure rule 324(b). Based on rule 33.1(d)'s language, the State argues that the Court of Criminal Appeals, by adopting this rule that expressly exempts factual-sufficiency challenges in non-jury cases from the general preservation rule, implicitly intended to subject factual-sufficiency challenges in criminal cases involving jury trials to the general preservation rule. We disagree.
First, the comment to rule 33.1 explains that "[t]he last sentence of former rule 52(d) of the Rules of Appellate Procedure has been reinstated in substance" by the addition of subsection (d) to rule 33.1. Tex.R.App. P. 33.1(d), cmt. Former rule 52(d) concerned only civil cases. This comment thus shows the Court of Criminal Appeals's intent to limit rule 33.1(d)'s application to civil cases. Second, the example given within rule 33.1(d) of the type of complaints for which preservation is no longer required is one that could apply only to civil cases: excessive or inadequate damages. See Tex.R.App. P. 33.1(d) (giving such example). Accordingly, we hold that rule 33.1(d) applies only to civil cases, not to criminal ones.
The State alternatively argues that, even if rule 33.1(d) does not apply to criminal cases, a defendant in a criminal case must nonetheless still preserve his factual-sufficiency challenge by a motion for new trial. In support, the State first notes that the Court of Criminal Appeals has held only that legal-sufficiency challenges need not be preserved, without having decided whether factual-sufficiency challenges must be preserved. See Rankin v. State, 46 S.W.3d 899, 901 (Tex.Crim.App.2001); Proctor v. State, 967 S.W.2d 840, 842 (Tex. Crim.App.1998). Citing Marin v. State,[4] the State argues that a legal-sufficiency challenge differs sufficiently from a factual-sufficiency challenge so that the reasons applicable to determining whether the former has to be preserved do not apply to determining whether the latter must be preserved.[5] Based on Marin and for other reasons, the State also argues that the many courts of appeals that have heretofore held that factual-sufficiency challenges need not be preserved have erred. See, e.g., Grayson v. State, 82 S.W.3d 357, *203 358-59 (Tex.App.-Austin 2001, no pet.); Givens v. State, 26 S.W.3d 739, 741 (Tex. App.-Austin 2000, pet. ref'd); Davila v. State, 930 S.W.2d 641, 648 (Tex.App.-El Paso 1996, pet. ref'd). We disagree, though we need not reach most of the State's arguments.
Another provision of the Texas Rules of Appellate Procedure requires our conclusion. Rule 21 concerns new trials in criminal cases. See Tex.R.App. P. 21.1-21.9. Rule 21.2, which became effective September 1, 1997[6], provides that "[a] motion for new trial is a prerequisite to presenting a point of error on appeal only when necessary to adduce facts not in the record." See Tex.R.App. P. 21.2. If it were necessary to raise a factual-sufficiency challenge at trial, a motion for new trial would be the only way that such a complaint could be raised.[7] Yet rule 21.2 does not list a factual-sufficiency challenge as one that must be preserved by a motion for new trial, and a factual-sufficiency challenge is necessarily one limited to facts within the record. See Johnson v. State, 23 S.W.3d 1, 8 (Tex.Crim.App.2000). Therefore, rule 21.2 shows the Court of Criminal Appeals's clear intent to allow an appellant to challenge the factual sufficiency of the evidence for the first time on appeal in a criminal case tried to a court or to a jury.[8]See Perez, 113 S.W.3d at 836 (explaining the requirements for preservation of error in a criminal trial, as set out in rule 21.2); Orona v. State, 836 S.W.2d 319, 320 n. 1 (Tex.App.-Austin 1992, no writ) (comparing rule 21.2's predecessor, former rule 30(a), to Texas Rule of Civil Procedure 324(b) in holding that a motion for new trial is not a prerequisite for a factual-sufficiency point of error in a criminal trial). We reject the argument that the Court of Criminal Appeals intended to limit rule 21.2's clear language concerning preservation by adopting rule 33.1(d), whose language, at best, only indirectly supports the State's position, and which amendment simply resurrects a preservation rule applicable only to civil, non-jury cases. We also note that, even after rule 33.1(d)'s addition, courts of appeals have continued to hold that factual-sufficiency challenges need not be preserved following a jury trial. See Martin v. State, 2003 WL 22203749 at *1 (Tex.App.-San Antonio Sept.24, 2003, no pet. h.) (not designated for publication); Perez, 113 S.W.3d at 836. We agree with these courts.
Accordingly, we hold that a criminal defendant need not preserve a factual-sufficiency challenge.

Factual Sufficiency
In his second point of error, appellant contends that the evidence was factually insufficient to support his conviction for the following reasons: (1) S.L. lacked credibility because her testimony in the two trials was inconsistent and because Dr. Arigbogu determined that S.L. had suffered from long-term alcohol abuse and (2) S.L. showed no physical evidence of having been sexually assaulted.
*204 Appellant committed aggravated sexual assault if he intentionally or knowingly penetrated, by any means, the sexual organ of S.L. or intentionally or knowingly penetrated S.L.'s mouth with his sexual organ without S.L.'s consent. TEX. PEN. CODE ANN. § 22.021 (Vernon 2003).
The standard of review for factual sufficiency is whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak, or so contrary to the overwhelming preponderance of the evidence, as to undermine confidence in the jury's determination of guilt.[9]King v. State, 29 S.W.3d 556, 563 (Tex.Crim.App. 2000). We may set aside the verdict only when it is "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim.App.1996) (quoting Stone v. State, 823 S.W.2d 375, 381(Tex.App.-Austin 1992, pet. ref'd)). When conflicting evidence is before us, and the question is what weight to accord such evidence, the weight given the evidence by the factfinder governs. Cain v. State, 958 S.W.2d 404, 408 (Tex.Crim.App.1997).
First, appellant argues that the evidence is factually insufficient because S.L. lacked credibility. Each of the alleged inconsistencies to which appellant refers is based on the differences in S.L.'s testimony in the two trials.[10]See Washington, 16 S.W.3d 70. Any inconsistency in S.L.'s testimony went to her credibility. The jury could have reasonably believed that S.L. was assaulted even if she failed to remember the specific details surrounding the assault clearly or was otherwise inconsistent. "The court's evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony." Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim.App.1996). At the second trial, in an effort to discredit S.L.'s veracity, appellant repeatedly compared and contrasted S.L.'s testimony from the first trial with the testimony that she gave at the second trial. The jury had the opportunity to see S.L., to observe her demeanor, and to weigh the truthfulness of her answers to appellant's questions. By rendering a guilty verdict in the second trial, the jury apparently chose to accept the truthfulness of S.L.'s testimony despite any inconsistencies. See Alvarado v. State, 853 S.W.2d 17, 23 (Tex. Crim.App.1993). Therefore, to the extent that appellant claims that the evidence is factually insufficient because S.L. did not provide credible testimony, we hold that the jury's verdict was not so weak or so contrary to the overwhelming evidence as to be clearly wrong.
Second, appellant argues that there was no medical or scientific evidence of sexual *205 assault and that appellant did not contract gonorrhea from S.L. However, S.L. testified that appellant forcibly penetrated her and forced her to perform fellatio on him. S.L. also testified that appellant did not penetrate her for a long period of time and that she did not know whether appellant used a condom or whether he had ejaculated during the penetration. There was also no evidence that appellant did not have gonorrhea. And even if he did not, appellant could have used a condom during the assault to protect himself from sexually transmitted diseases. Finally, S.L. claimed that she had bathed at her home after the assault and before visiting the hospital 18 hours after the assault. The jury could have reasonably believed that S.L. was sexually assaulted, but that, due to the circumstances of the assault, there was no physical evidence of the assault remaining.
Third, appellant argues that S.L.'s cuts and bleeding were merely ruptured lesions on her skin, caused by pre-existing gonorrhea, rather than by appellant's assaulting of S.L. with his fists. S.L.'s brother testified that he saw no such marks or lesions on S.L. at the gas station a few hours before appellant assaulted her. Further, Officer Blades testified that, upon observing S.L. the morning after the assault, she appeared to have been badly beaten and that she had a three-inch laceration on her neck. The State also admitted into evidence photographs of S.L. that were taken on the day after the assault, which photographs showed that S.L. had a swollen face and bruises and lacerations on her body. The fact that S.L. had gonorrhea, assuming that that condition could have caused lesions, generally would not render the evidence that S.L.'s visible injuries were caused by appellant's assault so against the weight of the evidence as to be clearly unjust.
We hold that the evidence was factually sufficient to support the verdict. We overrule appellant's second point of error.

Vindictiveness of Harsher Punishment Assessed at Second Trial
In his first point of error, appellant contends that the trial court's imposition of a harsher punishment at his second trial was "presumptively vindictive" and necessitates reversal.
A presumption of vindictiveness may arise when the same judge gives a criminal defendant a greater punishment upon a retrial than the defendant received at the preceding trial. See N. Carolina v. Pearce, 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969). However, no presumption of vindictiveness arises when the sentencer has changed from the first trial to the second trial. Wiltz v. State, 863 S.W.2d 463, 464 (Tex.Crim.App.1993) (holding that no presumption occurred when defendant was sentenced first by jury and, on retrial, by judge); Jackson v. State, 766 S.W.2d 518, 521 (Tex.Crim.App. 1988) (affirming conviction because no presumption arose when defendant was sentenced first by one judge, but, on retrial, another judge presided over case); Wilson v. State, 810 S.W.2d 807, 810 (Tex.App.-Houston [1st Dist.] 1991, no pet.) (holding that no presumption arose when jury first assessed defendant's punishment, and, on remand, defendant requested that judge assess punishment).
Here, appellant was initially sentenced by the jury. After a retrial, appellant elected to have his punishment assessed by a judge because the jury in his previous case had sentenced him to 36 years' confinement. Therefore, the sentencer was not the same in both trials, and a presumption of vindictiveness did not arise. See Wilson, 810 S.W.2d at 810.
*206 We overrule appellant's first point of error.

Conclusion
We affirm the judgment of the trial court.
NOTES
[1] This Court held that the Assistant District Attorney's assertion during closing argument that a witness offered the complainant money to dismiss the case was outside of the record; thus, we held that it was reversible error for the trial court to have overruled appellant's objection to that argument. See Washington v. State, 16 S.W.3d 70, 75 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd).
[2] This is the term used for one who provides alcohol after the hours that it may legally be sold in the State.
[3] Even if the State were right that appellant had to preserve his factual-sufficiency challenge, a directed verdict would not be the appropriate way to preserve that challenge. A directed verdict is appropriate to preserve a legal-sufficiency challenge, not a factual-sufficiency challenge. See Williams v. State, 937 S.W.2d 479, 482 (Tex.Crim.App.1996).
[4] The holding in Marin describes three types of error for preservation purposes: (1) absolute requirements and prohibitions that cannot be waived, (2) rights that must be implemented by the system unless expressly waived, and (3) rights that are forfeited unless requested affirmatively. Marin v. State, 851 S.W.2d 275, 279 (Tex.Crim.App.1993).
[5] The State argues that factual-sufficiency challenges should be forfeitable rights under the Marin analysis, regardless of whether legal-sufficiency challenges are, because (1) factual-sufficiency challenges are not based on the Due Process Clause of the United States Constitution, (2) factual-sufficiency challenges are not otherwise required by the United States Constitution, and (3) factually sufficient evidence is not necessary to the validity of a conviction under the Texas Constitution.
[6] Rule 21.2's predecessor read similarly. See former Tex.R.App. P. 30(a), 49 Tex. B.J. 564 (Tex.Crim.App.1986, superceded 1997).
[7] The defendant must usually be sentenced or granted probation before moving for a new trial. See Perez v. State, 113 S.W.3d 819, 835 (Tex.App.-Austin 2003, no pet.); 43A GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE & PROCEDURE § 41.31 (2d ed.2001).
[8] The Court of Criminal Appeals's clear indication, through its legislatively delegated rule-making power, that factual-sufficiency challenges need not be preserved obviates the need to consider whether such challenges are waivable under Marin.
[9] The State argued that appellant forfeited any claim that "the evidence was so obviously weak as to undermine confidence in the jury's determination of guilt" because he specifically argued and cited only those cases discussing evidence that was "contrary to the overwhelming weight of the evidence." Although it would have been helpful if appellant had relied on more recent cases that discussed both modes for determining factual insufficiency of the evidence, we must liberally construe the arguments in appellant's brief. See Tex.R.App. P. 38.9; Sanchez v. State, 98 S.W.3d 349, 355 (Tex. App-Houston [1st Dist.] 2003, no pet.) (asserting that "[i]f the court is able to ascertain the nature of the complaint from the argument, the issue will be preserved for appellate review"). Because we understand appellant's arguments to raise both modes of factual-insufficiency analysis, we address both of them.
[10] Some of S.L.'s allegedly inconsistent statements from the first trial were not presented to the jury through cross-examination in the second trial. We cannot consider any facts that are outside of the record in a factual-sufficiency analysis. See Johnson v. State, 23 S.W.3d 1, 8 (Tex.Crim.App.2000).