Affirmed and Memorandum Opinion filed February 28, 2006









Affirmed
and Memorandum Opinion filed February 28, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00195-CR

____________

 

EDWIN E. SWANSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 949985

 



 

M E M O R A N D U M   O P I N I O N

After a trial to the court, appellant
Edwin E. Swanson was found guilty of aggravated assault with a deadly weapon,
namely a bottle, and the trial judge assessed his punishment at twenty-five
years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  On appeal, appellant contends the evidence is
legally and factually insufficient to support the conviction because the
evidence showed he acted in self-defense, and the trial court erred in allowing
the State to impeach appellant with prior convictions in violation of Texas
Rule of Evidence 609.  We affirm.

Factual Background

On May 24, 2003, complainant Vipul Patel
owned and operated the La Chateau liquor store on Woodway.  Patel testified that, shortly after he opened
the store that day, appellant came in and bought a soda.  On his way out, appellant expressed interest
in a bottle of gin and said he would check with his girlfriend about the
purchase.  About fifteen minutes later,
appellant returned, grabbed a bottle of gin, and came up to the counter.  Appellant said to Patel, AGive me your money
and let=s fight.@  Appellant then hit Patel on the forehead with
the glass liquor bottle, and they began to struggle.  When Patel came around the counter, appellant
struck him a second time behind his ear. 
Patel was briefly knocked unconscious. 
When he regained consciousness, appellant was gone.  Appellant=s glasses, which
apparently were knocked off during the struggle, were left behind, along with
the bottle of gin.  Patel identified
appellant both in a pre-trial photo array and in court.

Witnesses testified they saw appellant
running from the liquor store and hiding behind a dumpster at a nearby
restaurant.  With the help of the
witnesses, two men from a hair salon next door to Patel=s liquor store
located appellant standing at a bus stop and detained him until the police
arrived.

Officer Angelo, one of the officers who
responded to the incident, testified that when he interviewed Patel, Patel did
not tell him that appellant had demanded money, and the officer had no
information to indicate that a robbery had taken place.  Officer Angelo acknowledged that Patel did
tell him he had been robbed a month earlier and that appellant matched the description
of one of the robbery suspects.[1]

Valgene Holmes and Barbara Swanson,
appellant=s mother, testified on appellant=s behalf.  Both testified that appellant was gainfully
employed at the time of the incident. 








Appellant took the stand in his defense
and testified that when he paid for the soda, Patel told him he had to be crazy
to come back in his store after robbing him the month before.  Patel then hit appellant with his hand and
they started fighting.  Patel said he was
going to kill appellant, and hit him two times. 
In self-defense, appellant picked up a liquor bottle and hit Patel twice
with it.  At trial, appellant denied
saying AGive me your money@ or ALet=s fight@ to Patel.  On cross-examination, appellant admitted that
he was convicted of two cases of robbery in 1995, theft in 1994, robbery in
1987, and, finally, four counts of aggravated robbery in 1984.

Analysis of Appellant=s Issues

In his first issue, appellant contends the
evidence is legally and factually insufficient to support his conviction,
because the evidence showed he acted in self-defense.  In his second issue, appellant contends the
trial court erred in allowing the State to impeach appellant with prior
convictions in violation of Texas Rule of Evidence 609.  

1.       Legal
and Factual Sufficiency of the Evidence

Appellant contends the evidence is both
legally and factually insufficient because Patel=s version of
events made less sense than his, and Patel=s attempt to
portray the incident as a robbery was not credible.  According to Patel, appellant paid for a soda
and then said AGive me your money and let=s fight,@ but appellant
points out that he had no weapons and no disguise, and he did not take anything
from the store, even though Patel was unconscious for a time.  Appellant also ran out of the store without
retrieving his glasses, even though he cannot see well without them.  Moreover, when the police investigated the
incident, Patel never said anything to them about appellant demanding money
from him.  Patel did inform the police,
however, that he was robbed a month earlier and believed appellant looked like
one of the suspects, which appellant asserts is consistent with his testimony
that Patel accused him of being one of the robbers before he began fighting
with appellant.  Thus, appellant
contends, it is apparent that Patel suffered trauma from the earlier robbery
and, as a result, mistakenly believed appellant was trying to rob him. 

 








A.      Applicable
Law

A person commits an aggravated assault if
he intentionally, knowingly, or recklessly causes serious bodily injury to
another, and uses or exhibits a deadly weapon. 
See Tex. Pen. Code '' 22.01(a),
22.02(a)(2).  When a glass bottle is used
to strike another person, it is capable of causing death or serious bodily
injury, and thus constitutes a deadly weapon.  See Hayes v. State, 728 S.W.2d 804, 808
(Tex. Crim. App. 1987).

With certain exceptions, a person is
justified in using force against another when and to the degree he reasonably
believes the force is immediately necessary to protect himself against the
other=s use or attempted
use of unlawful force.  Tex. Pen. Code ' 9.31(a).  The defendant has the initial burden of
producing evidence of self-defense, and the State then bears the burden to
disprove the defense beyond a reasonable doubt. 
Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003).  The burden of persuasion is not one that
requires the production of evidence; rather, it requires only that the State
prove its case beyond a reasonable doubt.  Id. 
When a jury finds the defendant guilty, there is an implicit finding
against the defensive theory.  Id.

B.      Standards
of Review

When an appellant challenges the legal
sufficiency of the evidence supporting a fact finder=s rejection of a
defense, the focus is not whether the State presented evidence which refuted
appellant=s self-defense testimony, but rather,
after viewing all the evidence in the light most favorable to the prosecution,
any rational trier of fact would have found the essential elements of the
offense beyond a reasonable doubt and also would have found against appellant
on the self-defense issue beyond a reasonable doubt.  Saxton v. State, 804 S.W.2d 910, 914
(Tex. Crim. App. 1991).  The trier of
fact is the exclusive judge of the credibility of the witnesses and the weight
to be given their testimony.  Margraves
v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  








In reviewing a challenge to the factual
sufficiency of the evidence to support the rejection of self‑defense, we
review all the evidence in a neutral light and ask (1) whether the State's
evidence taken alone is too weak to support the finding of guilt beyond a
reasonable doubt, and (2) whether the evidence supporting the defense is strong
enough that the rejection of the self‑defense claim does not meet the
beyond‑the‑reasonable doubt standard.  See Zuniga v. State, 144 S.W.3d 477,
484B85 (Tex. Crim.
App. 2004); Zuliani, 97 S.W.3d at 595; see also Roy v. State, 161
S.W.3d 30, 36‑37 (Tex. App.CHouston [14th
Dist.] 2004, no pet.) (harmonizing articulation of standards in Zuniga
and Zuliani).  In conducting the
factual‑sufficiency review, we must employ appropriate deference so that
we do not substitute our judgment for that of the fact finder.  Zuniga, 144 S.W.3d at 481B82.  

C.      Analysis

We begin with the legal sufficiency
review.  Undisputedly, appellant struck
Patel with a glass liquor bottle, causing him serious bodily injury.  Patel testified that appellant intended to
rob him and assaulted him first.  Although
appellant testified that he acted only in self-defense, the trial judge, as the
fact finder, was the sole judge of the credibility of the witnesses and the
weight to be given the testimony. 
Therefore, she was free to believe Patel=s testimony and
disbelieve appellant=s testimony.  See Margraves, 34 S.W.3d at 919.  We find the evidence is legally sufficient to
support the conviction.

Turning to the factual sufficiency review,
appellant argues the evidence is insufficient to support the trial judge=s rejection of his
self-defense claim because (1) none of Patel=s property was
stolen; (2) Patel did not initially report that appellant demanded money from
him; and (3) testimony that Patel believed appellant resembled someone who
tried to rob him a month earlier made his testimony less credible.  Appellant suggests that this evidence
supports his claim of self-defense, because it shows there was no robbery. 








Most of appellant=s argument focuses
on the lack of evidence of a robbery. 
However, although facts consistent with an attempted robbery were before
the trial judge, the State was not required to prove robbery; it was required
to prove aggravated assault.  The
evidence appellant contends is most important in undermining the trial judge=s verdict
demonstrates only that a robbery was not completed, which is consistent with
Patel=s testimony and
the State=s theory of the case.  

Appellant also focuses on whether Patel
thought appellant had previously robbed him and whether he initially told the
police appellant was attempting to rob him. 
Although there was some inconsistency in Patel=s testimony
regarding these issues, the inconsistencies go to his credibility.  When considering inconsistent evidence, we
are mindful that we must employ appropriate deference so that we do not
substitute our judgment for that of the fact finder.  See Zuniga, 144 S.W.3d at 481B82; see also
Washington v. State, 127 S.W.3d 197, 204 (Tex. App.CHouston [1st
Dist.] 2003, pet. dism=d) (rejecting claim of factual
insufficiency based on lack of credible testimony by complainant).  The trial judge had the opportunity to
observe Patel=s demeanor and weigh the credibility of
his testimony, and apparently chose to accept Patel=s testimony
despite any evidentiary inconsistencies. 
And, although the evidence that Patel thought appellant resembled
someone who previously robbed him may be consistent with appellant=s version, it does
not negate the fact that, despite appellant=s claim that Patel
assaulted him first, appellant did not report the alleged assault to the
police, but instead fled the liquor store and was later seen hiding behind a
nearby dumpster. 








Ultimately, this case hinged on the
resolution of the conflicting versions of events presented by the State and
appellant.  The trial judge determined
the credibility of the witnesses and resolved the evidentiary inconsistences in
the State=s favor and against appellant.  See Zuliani, 97 S.W.3d at 594 (stating
that finding of guilt is an implicit finding against defensive theory).  We decline to substitute our judgment for
that of the trial judge on how much weight to give the witnesses= testimony.  Considering all the evidence in a neutral
light, the record does not reveal that the proof of appellant=s guilt is too
weak to support the trial judge=s finding beyond a
reasonable doubt.  Nor does the record
reveal that the evidence supporting appellant=s claim of
self-defense is so strong that guilt could not have been proven beyond a
reasonable doubt.  Therefore, we hold
there is factually sufficient evidence from which the trial judge could find
beyond a reasonable doubt that appellant was not acting in self‑defense. 

We overrule appellant=s first issue.

2.       Impeachment
with Prior Convictions

In his second issue, appellant contends
the trial court erred in allowing the State to impeach him with prior
convictions in violation of Texas Rule of Evidence 609.  Specifically, appellant contends that the
probative value of the convictions that were less than ten years old did not
outweigh their prejudicial effect, and the probative value of the convictions
that were more than ten years old did not substantially outweigh their
prejudicial effect.  See Tex. R. Evid. 609(a), (b).  However, in order to preserve a complaint for
appellate review, a party must make a timely request, objection, or motion
stating the specific grounds for the desired ruling, unless the specific
grounds were apparent from the context.  Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a); Ethington v.
State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991).  Although appellant objected and received an
adverse ruling on the admission of the prior convictions before he testified,
appellant did not object when the State later cross-examined him regarding the prior
convictions.  Thus, appellant has failed
to preserve error on this issue.  See
Ethington, 819 S.W.3d at 858 (stating that generally a party must continue
to object each time inadmissible evidence is offered).

We therefore overrule appellant=s second issue.

                                                      Conclusion

We overrule appellant=s issues and
affirm the trial court=s judgment.

 

/s/      Wanda McKee Fowler

Justice

Judgment
rendered and Memorandum Opinion filed February 28, 2006.

Panel
consists of Justices Fowler, Edelman, and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Officer Angelo
also testified that a bottle can be used as a deadly weapon.