ACCEPTED
06-15-00081-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/10/2015 5:43:32 PM
DEBBIE AUTREY
CLERK

## NO. 06-15-00081-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
8/11/2015 9:36:00 AM
DEBBIE AUTREY
Clerk

## IN THE COURT OF APPEALS
## SIXTH DISTRICT OF TEXAS
## AT TEXARKANA

**BOBBY JOE EVENS,**
**APPELLANT**

**v.**

**THE STATE OF TEXAS,**
**APPELLEE**

**On Appeal from the 196th Judicial District Court**
**Of Hunt County, Texas**
**Trial Court Cause No. 27,364**
**Honorable Andrew Bench, Judge Presiding**

## APPELLANT'S BRIEF

Elisha M. Hollis (SBN 24083189)
2608 Stonewall Street
P. O. Box 1535
Greenville, Texas 75403
Tel. (903)450-2473
Fax (903)200-1290
Email: ElishaHollis@gmail.com

## ORAL ARGUMENT REQUESTED

# IDENTITIES OF PARTIES AND COUNSEL

Appellant:        Bobby Joe Evens

Defense Counsel at Trial:     Mr. Chris Castanon
             2000 E. Lamar Blvd.
             Suite 600
             Arlington, TX  76006

Appellant's Attorney on Appeal:  Mr. Elisha M. Hollis
             2608 Stonewall Street
             PO Box 1535
             Greenville, TX  75403

Appellee's Attorney at Trial:   Ms. Keli Aiken
             Assistant District Attorney
             Hunt County District Attorney
             2507 Lee Street, 4th Floor
             Greenville, TX  75401

Appellee's Attorney on Appeal:  Ms. Keli Aiken
             Assistant District Attorney
             Hunt County District Attorney
             2507 Lee Street, 4th Floor
             Greenville, TX  75401

Trial Judge:        Hon. Andrew Bench
             196th Judicial District Court
             2507 Lee Street, 3rd Floor
             Greenville, TX  75401

## TABLE OF CONTENTS

Identities of the Parties and Counsel....................................................................2

Table of Contents .................................................................................................3

Index of Authorities ............................................................................................4

Statement of the Case..........................................................................................5

Issues Presented ..................................................................................................6

Statement of the Facts .........................................................................................6

Issues and Authorities .........................................................................................9

**I. Insufficient Evidence** ...............................................................................**9**

**A. The evidence was legally insufficient to support a finding of guilt by the jury.** ...........................................................................................**9**

**II. Grossly Disproportionate Sentence** ......................................................**11**

**A. The 8th amendment to the United States Constitution prohibits grossly disproportionate sentences.. .**.........................................................**11**

**B. The sentence in this case was grossly disproportionate to the severity of the offense.** .............................................................................**13**

Prayer ................................................................................................................14

Certificate of Service .........................................................................................15

Certificate of Compliance with Rule 9.4 ...........................................................15

# INDEX OF AUTHORITIES

**FEDERAL CASES:**

*Harmelin v. Michigan*, 501 U.S. 957 (1991) ...........................................................12

*Solem v. Helm*, 463 U.S. 277 (1983) .....................................................................11

*McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir. 1992).........................................12

**STATE CASES:**

*Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.-Texarkana 1999, no pet.)........12

*Vodochodsky v. State,* 158 S.W.3d 502 (Tex. Crim. App. 2005) ..............................9

*Washington v. State,* 127 S.W.3d 197 (Tex. App. Houston 2003) ............................9

**U. S. CONSTITUTION**

U.S. Const. Am. VIII ................................................................................................11

**TEXAS CONSTITUTION:**

TX. Const. Art. 1 Sec. 13 .........................................................................................11

**IN THE COURT OF APPEALS**
**SIXTH DISTRICT OF TEXAS**
**AT TEXARKANA**

**BOBBY JOE EVENS,**
**APPELLANT**
**v.**

**THE STATE OF TEXAS,**
**APPELLEE**

**On Appeal from the 196th Judicial District Court**
**Of Hunt County, Texas**
**Trial Court Cause No. 27,364**
**Honorable Andrew Bench, Judge Presiding**

**APPELLANT'S BRIEF**

TO THE HONORABLE COURT OF APPEALS:

NOW COMES counsel for appellant and respectfully submits this brief pursuant to the rules of the Texas Rules of Appellate Procedure.

## STATEMENT OF THE CASE

This is an appeal from the judgment and sentence in a criminal case in the

196th District Court in Hunt County, Texas. The Appellant was indicted on May 27, 2011 for Possession of a Controlled Substance, with Intent to Deliver, Namely: Cocaine, Four Grams or More but Less than Two Hundred Grams. After entering a plea of Not Guilty, Appellant elected to be tried and sentenced by a jury.

On April 10, 2015 the jury found Appellant guilty and made a finding of true to two or more enhancements. The jury assessed punishment at 75 years in the Texas Department of Criminal Justice – Institutional Division. Appellant filed a notice of appeal on May 05, 2015.

## ISSUES PRESENTED

**ISSUE ONE:** The evidence presented in this case was legally insufficient to support a conviction of the Appellant.

**ISSUE TWO:** The consecutive sentence in this case is unconstitutional under the 8th amendment of the United States Constitution in that it is grossly disproportionate to the offense and is therefore cruel and unusual.

## STATEMENT OF FACTS

Appellant, BOBBY JOE EVENS (hereinafter, "Appellant") was indicted on May 27, 2011 for Possession of a Controlled Substance, with Intent to Deliver, Namely: Cocaine, Four Grams or More but Less than Two Hundred Grams (CR 6-

7)[1]. Appellant entered a plea of Not Guilty on August 17, 2011 (CR 8), and elected to be tried and sentenced by a jury on April 06, 2015. (RR vol. 4, 5:18-23).

On April 09, 2015, trial on the merits began. (RR vol. 5, 1:1-25). The state called Investigator Warren Mitchell who testified that on May 26, 2011 he was conducting surveillance on the Appellant and Misty Brigham who were suspects of a drug conspiracy. (RR vol. 5, 42:14-43:22). The Appellant and Brigham were moving things from a hotel room to their vehicles. (RR vol. 5, 43:23-44:14). After they had finished, the Appellant drove off with Brigham following him. (RR vol. 5, 44:8-9). Investigator Mitchell then called for an officer to do a traffic stop on the Appellant. (RR vol. 5, 45:10-13). Officer Stillwagoner testified that he conducted a traffic stop on the Appellant for a malfunctioning brake light. (RR vol. 5, 28:14-18). Misty Brigham who was following the Appellant stopped when the Appellant was pulled over. (RR vol. 5, 29:11-14). Investigator Warren Mitchell testified that he approached Misty Brigham and she ultimately turned over some marijuana to him. (RR vol. 5, 49:3-9). After Arresting her for possession of marijuana, Ms. Brigham was taken to the Greenville Police Station. (RR vol. 5, 51:20-25). Once there, she asked to use the restroom. (RR vol. 5, 53:3-6). Investigator Felicia White was then called to do a search of Ms. Brigham in which 187.3 grams of crack

---

[1] References to the Clerk's Record are designated as "CR #", references to the Reporter's Record are designated RR Vol. ___, page #: line #, and State and Defendant's exhibits are designated SX and DX, respectively).

cocaine was found. (RR vol. 5, 67:1). Ms. Brigham told them that the drugs belonged to the Appellant. (RR vol. 5, 55:16-22).

The State called Misty Brigham who testified that she was the girlfriend of the Appellant at the time of this incident. (RR vol. 5, 104:7-8). According to Ms. Brigham, the Appellant had placed the crack cocaine in her purse. (RR vol. 5, 97:20). When she got pulled over she then moved the drugs from her purse to her underwear. (RR vol. 5, 97:3-5). She stated that the Appellant was planning on taking the crack cocaine back later. (RR vol. 5, 98:9-12).

The State also presented, and the trial court admitted, prior testimony of the Appellant through SX 29. (RR vol. 5, 71:6). In the testimony the following dialogue takes place between an attorney and the Appellant:

Q    Now, in regards to Misty Brigham, back in May of 2010, were you aware that she was stopped with over 200 grams of crack cocaine?
A    Yes, sir.
Q    And whose crack cocaine was that that she was carrying on May 26, 2010?
A    It was mine.

Though the State relied on this prior testimony to claim that the Appellant had admitted that the 187.3 grams of crack cocaine found on Misty Brigham was his, the Appellant testified that this testimony was taken out of context and was not such an admission. (RR vol. 5, 139:4-24). The Appellant testified that he had given Misty Brigham 14 grams of crack cocaine for her to take to his nephew on that day. (RR vol. 5, 139:14-17). She then met his nephew Chase Grant and delivered

the 14 grams to him. (RR vol. 5, 139:16-17). The Appellant contended that he had no knowledge of the larger quantity of crack cocaine Misty Brigham was carrying and stated that when he was asked whether the crack cocaine was his he was referring to that 14 grams. (RR vol. 5, 141:6-9).

At the close of evidence the jury found the Appellant guilty of manufacture or delivery of the crack cocaine (RR vol. 5, 224:20-24) and sentenced him to 75 years in the Texas Department of Criminal Justice. (RR vol. 6, 85:23). In sentencing the Appellant, the trial court ordered that the 75 year sentence was to run consecutive to a Life sentence the Appellant had received in a prior case. (RR vol. 6, 96:9-17).

## ISSUES AND AUTHORITIES

### I. Insufficient Evidence

A. **The evidence was legally insufficient to support a finding of guilt by the jury.**

In a criminal case, an appellant may raise legal sufficiency for the first time on appeal. *Washington v. State,* 127 S.W.3d 197 (Tex. App. Houston [1st Dist. ] 2003, pet. Dism'd). When reviewing legal sufficiency of the evidence, a court must look at all of the evidence in the light most favorable to the verdict to determine whether any rational Trier of fact could have found the essential elements of the offense were proven beyond a reasonable doubt. *Jackson v.*

*Virginia,* 443 U.S. 307, 319; *Vodochodsky v. State,* 158 S.W.3d 502 (Tex. Crim. App. 2005).

In the present case, there was no reliable evidence that the Appellant manufactured or delivered the crack cocaine in question. Outside of testimony from the Appellant, the State presented evidence that Misty Brigham was arrested with 187.3 grams of crack cocaine on her person (RR vol. 5, 67:1), that Misty Brigham immediately claimed it belonged to the Appellant (RR vol. 5, 97:20), that the Appellant was with Misty Brigham the day of her arrest (RR vol. 5, 44:6-14), that Misty Brigham released her car to the Appellant (RR vol. 5, 50:23-51:2), and that a police K-9 alerted to the presence of a drug on the door handles of Appellant's vehicle. (RR vol. 5, 31:19-32:2). These things alone provide very little proof that the Appellant was connected to the 187.3 grams of crack cocaine in question. Knowing Misty Brigham and having her car released to him does not mean that the Appellant is her accomplice. Also, the fact that Misty Brigham claimed that the drugs were not hers is not surprising at all. Furthermore, the fact that a police K-9 alerted to the door handle of Appellant's vehicle is not unexpected since he was helping her move and she was putting things in his vehicle while in possession of drugs including the crack cocaine and the marijuana that was also on her.

Thus, the evidence that is really in question comes from the testimony of the

Appellant. Appellant testified that the crack cocaine in Misty Brigham's possession was not his. When confronted with prior testimony concerning Misty Brigham's arrest, the Appellant stated that, though his prior testimony appeared to acknowledge that the crack cocaine was his, it was a misunderstanding. (RR vol. 5, 139:4-24). He stated that the question was not fully clarified in the prior testimony and that his answer concerning ownership of drugs in Misty Brigham's possession had to do with 14 grams of crack cocaine he had given to her earlier in the day in question. (RR vol. 5, 139:14-17).

Therefore, the question is whether any rational Trier of fact could have found that, despite Appellant's testimony to the contrary, the crack cocaine was manufactured or delivered by the Appellant. Given the circumstances surrounding the incident and the lack of evidence connecting the Appellant to the drugs besides Misty Brigham who clearly needed to "dodge a bullet," no rational Trier of fact could have found the essential elements necessary to prove beyond a reasonable doubt that the Appellant manufactured or delivered the 187.3 grams of crack cocaine at issue in this case.

II. Grossly Disproportionate Sentence

A.    **The 8th amendment to the United States Constitution prohibits grossly disproportionate sentences.**

The 8th amendment to the United States Constitution states that "[e]xcessive

bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Am. VIII. The Texas constitution has a similar provision stating that "cruel or unusual punishment" shall not be inflicted. TX. Const. Art. 1 Sec. 13. In the progeny of cases interpreting the 8th amendment prohibition on cruel and unusual punishment in conjunction with non-capital cases, *Solem v. Helm*, 463 U.S. 277 (1983) was the leading case for many years. *See McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir. 1992). *Solem* set out the following factors to measure the proportionality of a sentence compared to a crime: (1) the gravity of the offense relative to the harshness of the penalty, (2) the sentences imposed for other crimes in the jurisdiction, and (3) the sentences imposed for the same crime in other jurisdictions. *Solem*, 463 U.S. at 292.

*Solem* was later overruled by *Harmelin v. Michigan*, 501 U.S. 957 (1991). *Harmelin* was a plurality opinion in which Justice Scalia and the Chief Justice believed that there was no guarantee of a proportional sentence in the eighth amendment while Justice Kennedy joined by two other Justices agreed that the eighth amendment did prohibit sentences that were grossly disproportionate. *Id*. at 1001. The 5th Circuit of Appeals later wrote an analysis of *Harmelin* in which they determined that the 8th amendment right against disproportional sentences was still proper under *Harmelin*. *McGruder* at 316. The Sixth Court of Appeals has adopted the analysis in *McGruder* holding that a sentence cannot be grossly

12

disproportionate to the offense. *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.-Texarkana 1999, no pet.). The court in Jackson held that, to determine whether a sentence violates the 8th amendment of the U.S. Constitution, a court should weigh "the gravity of the offense against the severity of the sentence." *Id*. If the sentence is found to be grossly disproportionate, then a court should then compare the sentence to other sentences for similar crimes in this and other jurisdictions. *Id*.

B.    **The sentence in this case was grossly disproportionate to the severity of the offense.**

In the present case, the Appellant was convicted of manufacture or delivery of 187.3 grams of crack cocaine (RR vol. 5, 224:20-24; RR vol. 5, 67:1) for which the Appellant was sentenced to 75 years. (RR vol. 6, 85:23). The Appellant had previously been sentenced to Life in prison for manufacture and deliver of cocaine in a prior case. (RR vol. 6, 91:1-5). Over Appellant's objection (RR vol. 6, 92:13-14), the court granted the State's motion for a cumulative sentence and ordered that the 75 year sentence would run consecutively to the Life sentence. (RR vol. 6, 96:9-17). In doing so, the court technically sentenced the Appellant to life without parole. (RR vol. 6, 91:1-5; 93:7-9).

The sentencing range for the crime Appellant was convicted of including enhancements was from 25-99 years or Life. Life without parole is not within the range of punishment set out by the Texas legislature for this crime. In fact, as this

Court knows, it is reserved for capital felonies which almost exclusively involve murder. Thus it is clear that being sentenced to prison for the entirety of your remaining life is something that should be reserved for the most heinous crimes, yet the court in this case "stacked" the Appellant's sentence on his prior sentence with the intent of giving the Appellant the equivalent of life without parole. (RR vol. 6, 93:7-9). Here, the Appellant did not commit a crime of violence or a crime against a person. Furthermore, there is no firearm involved in this case and no allegation that there ever was one used. Therefore, running the Appellant's sentence consecutively with his prior sentence resulted in a grossly disproportionate sentence to the crime of manufacture or delivery of cocaine and is unconstitutional under the 8th amendment.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that his judgment in the above entitled and numbered cause be reversed and rendered. Appellant further prays for all other lawful relief to which he may be entitled, at law or in equity.

Respectfully submitted,

By: /s/ Elisha Hollis
Elisha Hollis

The Law Office of Elisha Hollis
PO Box 1535

Greenville, Texas 75403
903-450-2473 (ph)
903-200-1290 (fax)
ElishaHollis@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the Appellant's Brief was delivered by hand delivery to the Honorable Noble Walker, Hunt County District Attorney, 2507 Lee St., 4th Floor, Greenville, TX 75401 on this the 10th day of August, 2015.

I further certify that a true and correct copy of Appellant's Brief was sent by first class United States mail, postage prepaid to BOBBY JOE EVENS, TDJC # 1995944, Polunsky Unit, 3872 FM 350 South, Livingston, TX 77351 on this the 10th day of August, 2015.

/s/ Elisha Hollis
Elisha Hollis

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 9.4</u>

Pursuant to Texas Rule of Appellate Procedure 9.4, this certifies that this document complies with the type volume limitations because it is computer generated and does not exceed 15,000 words. Using the word count feature of Microsoft Word, the undersigned certifies that this document contains 1,971 words in the entire document, except in the following sections: caption, identities of

parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, signature, certificate of service and certificate of compliance. This document also complies with the typeface requirements as it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Elisha Hollis
Elisha Hollis