Michael Louis STOUT, Appellant,

v.

The STATE of Texas, State.

No. 2–92–302–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 10, 1993.

Rehearing Denied Dec. 7, 1993.

---

Richard Alley, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Betty Marshall, Charles M. Mallin, Asst. Chiefs Dist. Attys. and Tanya S. Dohoney, Asst. Dist. Atty., Fort Worth, for appellee.

Before FARRIS, HICKS and FARRAR, JJ.

## OPINION

FARRIS, Justice.

A jury found Michael Louis Stout guilty of aggravated sexual assault by threats and force and assessed his punishment at sixty years incarceration. Tex.Penal Code Ann. § 22.021 (Vernon 1989). On appeal, Stout claims the evidence is insufficient to support his conviction, the trial court should not have admitted the DNA analysis and statistical database and should have submitted a jury instruction on expert testimony, and the prosecutor argued facts not in evidence. Because the State did not have to prove Stout

inserted his penis into the sex organ of the victim and used a deadly weapon in the commission of the crime, because Stout cannot obtain the prayed for relief if points of error two and three are sustained, and because the prosecutor's remark was permissible, Stout's points of error are overruled. We affirm the judgment.

On the night of July 8, 1989, the victim, K.P., dozed off as she lay in her bed reading a magazine and relaxing after a long work day. K.P. awoke to the sound of footsteps. She looked up and saw a strange man standing in the doorway. He sexually assaulted her, and she later identified Stout as her attacker.

In his first point of error, Stout claims the evidence is insufficient to support the verdict because the State failed to prove he inserted his penis into the victim's sex organ and used a deadly weapon in the commission of the offense. This point is untenable because the State did not have to prove these elements to convict Stout.

The State charged Stout as follows:
THEN AND THERE, INTENTIONALLY AND KNOWINGLY CAUSE THE PENETRATION OF THE FEMALE SEXUAL ORGAN OF [K.P.] BY INSERTING HIS PENIS INTO THE VAGINA OF [K.P.] WITHOUT THE CONSENT OF [K.P.] BY COMPELLING [K.P.] TO SUBMIT AND PARTICIPATE BY THE USE OF PHYSICAL FORCE AND VIOLENCE AND BY THREATENING TO USE FORCE AND VIOLENCE AGAINST [K.P.] AND [K.P.] BELIEVED THAT MICHAEL LOUIS STOUT HAD THE PRESENT ABILITY TO EXECUTE SAID THREAT, AND MICHAEL LOUIS STOUT BY ACTS AND WORDS THREATENED AND PLACED [K.P.] IN FEAR THAT DEATH AND SERIOUS BODILY INJURY WOULD BE IMMINENTLY INFLICTED ON [K.P.], AND SAID ACTS AND WORDS OCCURRED IN THE PRESENCE OF [K.P.]
PARAGRAPH TWO: AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE SAID MICHAEL LOUIS STOUT IN THE COUNTY OF

TARRANT AND STATE AFORESAID ON OR ABOUT THE 8TH DAY OF JULY, 1989, DID THEN AND THERE INTENTIONALLY AND KNOWINGLY CAUSE THE PENETRATION OF THE FEMALE SEXUAL ORGAN OF [K.P.] BY INSERTING HIS FINGERS INTO THE VAGINA OF [K.P.] WITHOUT THE CONSENT OF [K.P.] BY COMPELLING [K.P.] TO SUBMIT AND PARTICIPATE BY THE USE OF PHYSICAL FORCE AND VIOLENCE AND BY THREATENING TO USE FORCE AND VIOLENCE AGAINST [K.P.] AND [K.P.] BELIEVED THAT MICHAEL LOUIS STOUT HAD THE PRESENT ABILITY TO EXECUTE SAID THREAT, AND MICHAEL LOUIS STOUT BY ACTS AND WORDS THREATENED AND PLACED [K.P.] IN FEAR THAT DEATH AND SERIOUS BODILY INJURY WOULD BE IMMINENTLY INFLICTED ON [K.P.], AND SAID ACTS AND WORDS OCCURRED IN THE PRESENCE OF [K.P.].

■ Although the State alleged Stout inserted his penis into the victim's sex organ, it also alleged he inserted his fingers and when an indictment alleges several ways of committing an offense, conviction is justified if any of the alleged ways of committing the offense is proved. *See Zanghetti v. State,* 618 S.W.2d 383, 386–87 (Tex.Crim.App. [Panel Op.] 1981). Also, the State need not elect among the various means alleged, and a conviction may be had upon proof of any of the means alleged. *Id.*

■ There is direct proof Stout inserted his fingers into K.P.'s sex organ because K.P. testified to that effect. This is sufficient to prove a manner and means alleged in the indictment.

■ The State did not allege, so it did not have to prove, Stout used a deadly weapon in the commission of the crime. To elevate sexual assault to aggravated sexual assault, the State alleged Stout compelled K.P. to submit by using force, violence or threats of the same and that he placed K.P. in fear of imminent serious bodily injury or death.

Stout does not claim the State failed in this proof. Point of error one is overruled.

In his second and third points of error, Stout raises issues concerning the allegation that he inserted his penis into K.P.'s sex organ. Because we hold the evidence is sufficient to support his conviction on the alternate allegation, he inserted his fingers into K.P.'s sex organ, we will not address these points because they are not a basis for reversing the judgment.

In his final point of error, Stout complains of improper jury argument.

■ It is well established that there are four areas of permissible jury argument: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Kinnamon v. State,* 791 S.W.2d 84, 89 (Tex.Crim.App.1990).

■ During closing argument, at the punishment phase, the prosecutor argued:

He may have fooled that court in Dallas. I ask you not to let him fool you.

We hold this comment was proper because defense counsel invited it with this argument:

You have heard it from Vicki Isaack, the District Attorney from Dallas, that already [K.P.] has testified in Dallas against Michael; already, this matter, which you have heard, has been brought up against Michael. And the Court in that case assessed Michael with 25 years.

Review the document, and you'll note that this offense occurred in 1989, the offense for which you found Michael guilty, but the offense in Dallas was in June of 1991, and he was sentenced in October of 1991, so you know that that has been taken into consideration in that sentence.

. . . .

He's already serving 25 years. One-fourth of that, six-and-a-half years, for this incarceration in Dallas, that would be one-fourth of it before he can come up for parole, as the Court has told you in the jury charge. That means another five years, anyway, on that case.

. . . .

In determining a factor of time in a case like this, I ask you not to get into the element of revenge. I think that there's a lot of cases out here now, and yet to bring back Michael from Huntsville to try him again on another case, even though this matter has been heard before in another court in Dallas—

. . . .

Well, you heard the witness testify that [K.P.] had testified in the case in Dallas. The Court apparently then was cognizant when it—I think that can be a reasonable deduction. The Court was cognizant there when it gave this sentence about that matter.

In addition, the prosecutor's remark concerned matters in evidence because Vicki Isaack, Assistant District Attorney in Dallas, testified: she was the prosecutor in another aggravated sexual assault case against Stout; K.P. testified in that case; and the jury sentenced Stout to 25 years in prison.

Because Stout invited the remark and it summarized facts in evidence, we overrule point of error four.

The judgment is affirmed.