Affirmed and Memorandum Opinion filed April 18, 2006









Affirmed
and Memorandum Opinion filed April 18, 2006

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00135-CR

____________

 

MICHAEL GARY
ZABZDYR,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause No. 992,185

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant Michael Gary
Zabzdyr of one count of aggravated sexual assault and sentenced him to fifteen
years incarceration in the Texas Department of Criminal JusticeCInstitutional
Division.  In four issues, appellant
challenges the legal and factual sufficiency of the evidence supporting his
conviction.  We affirm.








I.  Factual and Procedural Background

On April 19, 2004, Deputy Tracy Wright of
the Harris County Sheriff=s Office responded to a domestic
disturbance call at appellant=s apartment.  Upon arrival, appellant initially did not
allow Wright to enter.  After Wright told
appellant that she would have to arrest him if he interfered with her
investigation, appellant told Wright to do so. 
Wright handcuffed appellant and placed him in her patrol car while she
interviewed appellant=s wife Marie and her daughter, G.Z.  

Marie informed Wright that the argument
resulted from appellant=s refusal to allow her or G.Z. access to
their clothes.  Marie also told Wright
that appellant insisted on being present in the room when G.Z. bathed and
dressed.  Wright became concerned when
she learned G.Z. was seventeen years old. 
Wright then spoke with G.Z., who eventually informed her that appellant
had sexually assaulted her when the family was on vacation in Louisiana.  Although Marie and G.Z. both gave Wright
short written statements, Marie=s statement did
not allege child abuse.  At the
conclusion of her investigation, Wright uncuffed appellant and allowed him to
leave the patrol car, but ordered him to stay away from the residence that
evening. 

Wright sent her report, including the
written statements, to detectives in the child abuse unit of the  Sheriff=s Department.  Detective Wallace Dennis was assigned to the
case on May 6, 2004, and he asked Marie and appellant to meet with him at the
Children=s Assessment
Center in Houston.  Dennis requested that
G.Z. undergo a medical examination. 
Appellant and Marie met with counselors at the assessment center
separately on June 7, 2004.  Dennis
informed appellant for the first time that G.Z. had accused him of sexual
assault.  Appellant declared his innocence,
but declined to make a formal statement. 
Marie amended the written statement she gave to Wright.  In the amended statement, Marie informed
Dennis that she first learned of inappropriate sexual contact between appellant
and G.Z. only one week earlier. 
According to the statement, G.Z. told Marie that appellant had sex with
her while using a condom when Marie was attending night school.








 G.Z. met with physicians at Memorial Hermann
Hospital on June 9, 2004.  The nurse
examiner included the following statement in her report:

Patient states, >My step-dad and I had sex last June
(2003) and he rubbed my back last March. 
He takes me to his room and he did itChe stuck his penis in my vagina.=  >Only time.=

The report also affirmatively stated that
no condom was used by appellant during the assault.  When meeting with the examining physician,
however, G.Z. stated her stepfather had abused her from age 7 to age 13, but
had no sexual contact since then.  The
medical examination yielded no evidence of any trauma or recent sexual
activity.  

Dennis forwarded a
report containing summaries of appellant=s interviews,
Marie=s interview, and
G.Z=s medical
examination to the Harris County District Attorney=s office, but the
office did not accept charges at that time. 
In an effort to obtain more specific dates and locations regarding the
alleged abuse, Dennis met with G.Z. on June 21, 2004.  At the conclusion of the interview, Dennis
provided an affidavit to the District Attorney=s office that
included the following statement:

On or about October 1st, 1999, when
[G.Z.] was 13 years old, is when the sexual abuse first began. [G.Z.] says she
was asleep in bed when [appellant] came to her, put his hand inside her
panties, and began fondling her vagina. 
[Appellant=s] finger penetrated [G.Z=s] vagina for about 30 minutes.
[G.Z.] asked [appellant] why he was doing this and [appellant] would not
respond.  . . . [Appellant] sexually
assaulted [G.Z.] from October 1999 to June 2003, after [G.Z.] turned 17 years
old.  The assaults occurred 3 to 4 times
a week.

In that interview, G.Z. also told Dennis
that she and appellant first had intercourse in June 2003.  After receiving Dennis=s affidavit, the
District Attorney=s office presented the information to a
grand jury.  The grand jury returned an
indictment on the following charge:

In Harris County, Texas, [appellant] . . . on or about
October 1, 1999, did then and there unlawfully, intentionally, and knowingly
cause the penetration of the FEMALE SEXUAL ORGAN of [G.Z.] . . . a person
younger than fourteen years of age . . . by placing HIS FINGER in the FEMALE
SEXUAL ORGAN of [G.Z.]








At trial, the
State called Officer Wright, Marie, Detective Dennis, and Dr. Elizabeth Jones
as witnesses.  The State also called Dr.
Lawrence Thompson, a clinical psychologist, to testify about Aoutcry@ tendencies among
child victims of sexual assault. 
Finally, the State called G.Z. to testify about appellant=s conduct.

After the State
rested, appellant moved for a directed verdict on the grounds that the State
did not prove that any of the alleged assaults occurred Aon or about
October 1, 1999@ or that appellant penetrated G.Z.=s vagina with his
finger.  The trial court denied the
motion.  Appellant=s sole witness,
Marie, confirmed the existence of inconsistencies between G.Z=s statements to
her in 2004 and G.Z=s testimony at trial.  The jury found appellant guilty of aggravated
sexual assault and sentenced him to fifteen years imprisonment.  This appeal ensued.

II.  Issues Presented

In four issues,
appellant challenges the legal and factual sufficiency of the evidence
supporting his conviction.  In appellant=s first two
issues, he argues the evidence is legally and factually insufficient to prove
the required elements of the offense beyond a reasonable doubt.  In his third issue, appellant argues the evidence
is legally insufficient because G.Z=s testimony was
not credible as a matter of law.  In his
fourth issue, appellant argues the evidence is factually insufficient because
G.Z.=s testimony was
not corroborated.

III.  Discussion

A.      Is
the Evidence Legally Sufficient to Support a Conviction?








Appellant argues
the evidence is legally insufficient to support his conviction because the
State failed to prove that appellant caused his finger to penetrate G.Z=s vagina when G.Z.
was younger than fourteen years of age. 
G.Z. was born May 19, 1986; therefore, the State had to prove beyond a
reasonable that appellant=s conduct took place on or about October
1, 1999C but before May
19, 2000.[1]  He also argues the evidence is legally
insufficient because G.Z=s testimony was not credible as a matter
of law.

1.       Standard
of Review

In evaluating a
legal‑sufficiency challenge, we view the evidence in the light most
favorable to the verdict.  Wesbrook v.
State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc).  The issue on appeal is not whether we, as a
court, believe the State's evidence or believe that appellants=s evidence
outweighs the State's evidence.  Wicker
v. State, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984) (en banc).   The jury, as the trier of fact, is the sole
judge of the credibility of the witnesses and of the strength of the
evidence.  Fuentes v. State, 991
S.W.2d 267, 271 (Tex. Crim. App. 1999). 
The jury may choose to believe or disbelieve any portion of the
witnesses= testimony.  Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986) (en banc).  When
faced with conflicting evidence, we presume the trier of fact resolved
conflicts in favor of the prevailing party. 
Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993) (en
banc).  Therefore, if any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt, we must affirm.   McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997) (en banc).                   

2.       Analysis

The State called
Marie and G.Z. to testify at trial. 
Marie stated that she attended night school in 1999 and 2000 when G.Z.
was thirteen and fourteen years of age. 
G.Z. testified that the following events occurred while Marie was at
class:

THE STATE: Did [appellant] ever
touch you in a way that made you uncomfortable while your mom was gone, while
she was going to school?

G.Z.: Yes.

* * *








THE STATE: While your mom was going
to school, would you say it was a lot that this would happenCthat he would touch youCor just not very often?

G.Z.: A lot.

THE STATE: Would you describe to
the jury how he would touch you while your mom was gone [sic] to school?

G.Z.: He would touch his hand on my vagina or his
mouth.

* * *

THE STATE: [Appellant] would touch
you with his hand?

G.Z.: Yes.

* * *

THE STATE: So he would touch your
back on the skin or outside the clothes?

G.Z.: Both.

THE STATE: And then what would
happen next?

G.Z.: He would start rubbing my
stomach and my breasts and down on my vagina.

THE STATE: Would he just touch you
on the outside or did he touch you on 
the inside of your vagina.

G.Z.: Outside.

THE STATE: Did he ever touch you
during this time on the inside?

G.Z.: Yes, ma=am.

Although G.Z. also testified about other
assaults that allegedly took place during this time period, the testimony cited
above sufficiently establishes the charge alleged in the indictment.  See Stout v. State, 865 S.W.2d 609,
611  (Tex. App.CFort Worth 1993,
pet. ref=d) (holding the
testimony of a child victim accusing defendant of inserting his fingers into
her sex organ was sufficient to prove the manner and means alleged in the
indictment).  

Appellant also
contends the evidence is legally insufficient because the testimony of G.Z. was
not credible.  However, the jury is the
exclusive judge of the facts proved, and of the weight to be given to the
testimony.  Tex. Code Crim. Proc. art. 38.04 (West 2005).  As the trier of fact, the jury also is the
sole judge of the credibility of the witnesses. 
Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). 








Viewed in a light
most favorable to the verdict, we hold that a rational jury could have
concluded beyond a reasonable doubt that appellant penetrated G.Z=s vagina with his
finger at a time when G.Z. was younger than fourteen years of age.  We overrule appellant=s first and third
issues.

B.      Is
the Evidence Factually Sufficient to Support a Conviction?

Appellant argues
the evidence is factually insufficient to support his conviction because the
State failed to prove that appellant caused his finger to penetrate G.Z=s vagina when G.Z.
was younger than fourteen years of age. 
He also argues the evidence was factually insufficient because G.Z=s injuries were
not corroborated by other witnesses or by physical evidence.

1.       Standard
of Review        

In reviewing the evidence for factual
sufficiency, we ask only one question: Considering all the evidence in a
neutral light, was the fact finder rationally justified in finding guilt beyond
a reasonable doubt?  Zuniga v. State,
144 S.W.3d 477, 484  (Tex. Crim. App.
2004).  There are two ways the evidence
may be factually insufficient: (1) the evidence supporting the verdict, if
taken alone, is too weak to sustain the finding of guilt beyond a reasonable
doubt, or (2) the contrary evidence is so strong that the State could not have
met its burden of proof beyond a reasonable doubt.  Id. at 484B85.  In our evaluation of the evidence, we must
be deferential to the jury=s findings and resist
intruding on its role as the sole judge of the witnesses= credibility and
of the weight to be given to the evidence. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (en
banc).  Our standard of review remains the same whether the
evidence we consider is direct or circumstantial.  Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986) (en banc).  

 

 

 








2.       Analysis

a.       The
State=s Evidence Supporting Conviction  

When reviewing the
evidence for factual sufficiency, we look first to the evidence supporting the
verdict to determine if it is too weak to uphold the jury=s finding of guilt
beyond a reasonable doubt.  G.Z.
testified that on Aa lot@ of occasions,
appellant placed his fingers on the inside of her vagina when her mother was at
night school.  Marie testified that she
was attending night classes during 1999 and 2000, when G.Z. was thirteen and
fourteen years old.  Although G.Z=s testimony was
inconsistent with her prior statements, the jury was free to accept the
truthfulness of her testimony despite any inconsistencies.  See Washington v. State, 127 S.W.3d
197, 204 (Tex. App.CHouston [1st Dist.] 2003, pet. ref=d).   Also, the jury may have considered the
testimony of Dr. Thompson, who testified that child victims may disclose
instances of abuse in portions rather than all at once, and may have difficulty
matching instances of abuse to exact dates. 

b.       Appellant=s Contrary
Evidence

We now consider whether any contrary
evidence is strong enough to have prevented the State from meeting its burden
of proof beyond a reasonable doubt. 
Appellant directs us to the testimony of Dr. Jones, who stated that the
medical examiner found no physical evidence of trauma and that G.Z=s hymen was
intact.  In her testimony, however, Dr.
Jones explained that the absence of trauma is not dispositive.  She also testified that it was possible for
an object such as a finger or a penis to penetrate a vagina and leave the hymen
intact.  Although appellant argues that
Dr. Jones=s testimony places G.Z=s credibility in
question, appellant ignores the portions that support G.Z=s testimony.  For a reviewing court to reverse under these
circumstances would substantially intrude on the role of the jury as the finder
of fact.  See Johnson, 23 S.W.3d
at 8 (holding, Aunless the available record clearly reveals
a different result is appropriate, an appellate court must defer to the jury=s determination
concerning what weight to give contradictory testimonial evidence@) (emphasis
added).








Finally, appellant
asserts the evidence is factually insufficient to support his conviction
because G.Z.=s testimony was not corroborated by other
witnesses or by physical evidence.  As with
appellant=s third issue above, however, the jury
remains the sole judge of the witnesses= credibility and
of the weight to be given to the evidence. 
The testimony of a child victim alone is sufficient to support a
conviction for aggravated sexual assault. 
Perez v. State, 113 S.W.3d 819, 838 (Tex. App.CAustin 2003, pet.
ref=d); Tex. Code Crim. Proc. art. 38.07.  

Regarding the date
of the alleged assault, G.Z. testified that the assault occurred when Marie was
at night school.  Marie=s testimony as to
the dates during which she took classes was uncontroverted.  After viewing all the evidence in a neutral
light, we conclude the jury was rationally justified in finding guilt beyond a
reasonable doubt.  We overrule appellant=s second and
fourth issues. 

IV.  Conclusion

In sum, we hold
the evidence is both legally and factually sufficient to support appellant=s conviction.  The judgment of the trial court is affirmed.

 

 

 

 

/s/      Eva M. Guzman

Justice

 

 

 

Judgment rendered and Memorandum Opinion filed April 18,
2006.

Panel consists of Justice Fowler, Edelman, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).











[1]  It is well
settled that the Aon or about@
language of an indictment allows the State to prove a date other than the one
alleged in the indictment as long as the date is anterior to the presentment of
the indictment and within the statutory limitation period.  Sledge v. State, 953 S.W.2d 253, 256 (Tex.
Crim. App. 1997) (en banc).