Affirmed and Memorandum Opinion filed August 25, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00932-CR

NO. 14-08-00933-CR

____________

 

JESUS MARTIN RUIZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause Nos. 1072757
& 1072763

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Jesus Martin Ruiz, was charged
with two counts of indecency with a child.  See Tex. Penal Code Ann. ' 21.11(a)(1)
(Vernon 2003).  Both counts involved the same








 young girl, Valerie,[1]
but occurred on different dates.[2]  
A jury found appellant guilty on both counts and sentenced him to twelve years= confinement in
the Institutional Division of the Texas Department of Criminal Justice for the
December 1998 offense and nine years= confinement in
the Institutional Division of the Texas Department of Criminal Justice for the
September 2005 offense.  The nine year sentence on the 2005 offense was ordered
to run consecutively after the twelve year sentence on the 1998 offense.  On
appeal from the December 1998 offense, appellant contends the evidence is
factually insufficient to support his conviction.  On appeal from the September
2005 offense, appellant contends the evidence is both legally and factually
insufficient to support his conviction.  We affirm the jury=s verdict on both
counts.  

Factual and Procedural Background

In December 1998, Amanda Green[3]
and her family moved across town and into a different school district.  Green=s six year old daughter, Valerie,
wanted to remain at the same elementary school so she could finish her first
grade school year.  In order to allow Valerie to finish first grade at the same
school, Valerie moved in with her maternal grandmother, Tina Ronan,[4]
who resided in the school district where Valerie was attending school.  Ronan=s long-time boyfriend, appellant, was
living with Ronan when Valerie moved in with Ronan.  Valerie=s great-grandmother and Valerie=s uncle were also living in Ronan=s home at the time.  Valerie lived at
her grandmother=s house approximately three or four months before moving back
in with her mother.  








Amanda Green testified that after Valerie moved back in with
her, Valerie told her  appellant had kissed her on the mouth one day after
school.  Green immediately confronted her mother about the incident.  Ronan
apparently reacted in a way that gave Green the impression Ronan did not
believe Valerie=s story.  Green testified that she did not contact the police
about the incident.  According to Green, the family, including appellant and
Valerie, still spent time together, but Green ensured appellant was never alone
with Valerie  

Valerie testified that while she was living at her
grandmother=s house, appellant touched her on her Amiddle part@ more than once.[5] 
Valerie clarified she used the term Amiddle part@ to refer to her vagina. 
Specifically, Valerie testified appellant would use his hands to Asqueeze@ and Arub@ her middle part over her clothing
when no one else was around.  Appellant allegedly told Valerie what he was
doing was okay, but she should not tell anyone about it.  The State asked
Valerie to show the jury what appellant had done by standing up and demonstrating
on her leg how appellant had touched her.  Valerie cooperated by rubbing her
thigh in front of the jury.  Valerie testified they were alone when appellant
would touch her.  She stated the touching occurred more than once, but she
could not remember exactly how many times it happened.  She said the touching
lasted about five minutes and was always over her clothing.  Valerie testified
she told her grandmother about the touching, but her grandmother acted as if
she did not believe Valerie.  Valerie also testified that her mother failed to
inform the police when Valerie told her about the touching.  After Valerie
moved out of her grandmother=s house, she occasionally went back to spend time with her
family members who still lived there, but she avoided being alone with
appellant.    








In September 2005, Valerie and her immediate family were
living together in a four bedroom town home.  During Hurricane Rita,
approximately nine of Valerie=s family members and friends, including appellant, stayed at
Green=s town home to ride out the storm. 
Both Valerie and Green testified Valerie and her great-grandmother slept on a
pull-out sofa in the living room on the first floor, while her grandmother and
appellant slept in another room located on the first floor of the town home. 
None of the other friends or relatives staying at the town home slept on the
first floor of the home.  The guests stayed at the town home for a Acouple of days.@

A few weeks after the guests left Green=s home, the girlfriend of Valerie=s uncle, Stephanie, approached Green
about something Valerie told Stephanie.  Stephanie informed Green that one
morning during the hurricane, Valerie came to the room where Stephanie was
staying and confided in Stephanie about an incident that occurred between
appellant and Valerie.  Green testified that she immediately asked Valerie
about the incident.  Valerie began shaking and crying when confronted by her
mother and explained to her that while everyone was asleep during the hurricane
appellant began touching her in the middle of the night.  Green did not contact
the police because Valerie told her she did not want to pursue charges against
appellant.   

Valerie also testified about the September 2005 incident at
trial.  She told the jury appellant was staying at her house during Hurricane
Rita and she awoke in the middle of the night to find appellant touching her Amiddle part.@  She explained she acted like she
was asleep while he touched her, but she knew it was appellant, even though she
did not open her eyes.  Valerie specifically testified she knew it was not any
of the other family members staying in her home, because she could remember how
appellant=s hands felt from the prior incidents.  The touching, specifically
described as Arubbing and squeezing,@ allegedly lasted for Aabout two or three minutes.@  Valerie testified she was in sixth
grade and was eleven or twelve years old when the second touching episode
occurred.  She explained that the morning after the incident she confided in
Stephanie about what appellant had done.  However, Valerie testified she did
not tell her mother because she did not trust her mother.      








At some point in the following weeks, Valerie=s school counselor, Dr. Mattis,
called Valerie into her office because Valerie was having attendance problems
at school.  Dr. Mattis testified that Valerie asked her whether the school had
security on campus, which caused Dr. Mattis to become concerned.  Dr. Mattis
scheduled a follow up meeting with Valerie.  During this meeting, Valerie told
Dr. Mattis how appellant had touched her when she was living in the same
household as appellant in first grade and again during Hurricane Rita.  Dr.
Mattis contacted Green and Child Protective Services.  

A jury found appellant guilty of both counts of indecency
with a child and sentenced him to confinement in the Institutional Division of
the Texas Department of Criminal Justice.  This appeal followed.     

Discussion

I.        The December 1998 Offense

Appellant contends the evidence supporting the alleged
December 1998 offense is factually insufficient because (1) the alleged offense
occurred when the complainant was approximately 6 years old (10 years prior to
her testimony); (2) the complainant and her mother continued to visit the
household where appellant resided after the alleged incident; (3) the
complainant does not remember how many times the alleged touching occurred; (4)
there is evidence the complainant=s story was doubted by her closest
relatives; and (5) there is no medical evidence supporting the complainant=s testimony.[6] 


A.        Standard
of Review








In a factual sufficiency review, we consider all the evidence
in a neutral light.  Prible v. State, 175 S.W.3d 724, 730B31 (Tex. Crim. App. 2005).  The
evidence may be factually insufficient in two ways.  Id. at 731.  First,
when considered by itself, evidence supporting the verdict may be so weak the
verdict is clearly wrong and manifestly unjust.  Id. Second, where the
evidence both supports and contradicts the verdict, the contrary evidence may
be strong enough the beyond a reasonable doubt standard could not have been
met.  Id.  In determining whether the evidence is factually insufficient
to support a conviction that is nevertheless supported by legally sufficient
evidence, it is not enough that this court Aharbor a subjective level of
reasonable doubt to overturn the conviction.@  Watson v. State, 204 S.W.3d
404, 414 (Tex. Crim. App. 2006).  We may not simply substitute our judgment for
the factfinder=s.  Johnson v. State, 23 S.W.3d 1, 12 (Tex. Crim. App. 2000); Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record
clearly reveals that a different result is appropriate, we must defer to the
jury=s determination of the weight to be
given the evidence.  Johnson, 23 S.W.3d at 8.  

B.        Analysis

A person commits indecency with a child if, with a child
younger than seventeen years and not the person=s spouse, the person engages in
sexual contact with the child.  Tex. Penal Code Ann. ' 21.11(a)(1) (Vernon 2003).  ASexual contact@ includes any touching by a person,
including touching through clothing, of the anus, breast, or any part of the
genitals of a child.  Id. ' 21.11(c)(1). 

Valerie testified in detail about the touching that occurred
when she resided in the same household as appellant.  She explained how he
would touch her Amiddle part@ after school in the living room of her grandmother=s house while no one else was
around.  She even demonstrated, on her thigh, in front of the jury how
appellant would Arub@ and Asqueeze@ her Amiddle part.@  Valerie told the jury she was unsure how many times the
incidents occurred, but she was clear they occurred more than once and it was
appellant who had touched her. 








Appellant attempts to imply Valerie=s memory of the offense is too weak
to support his conviction because of the passage of time between Valerie=s trial testimony and the first
offense.  Specifically, appellant points to the fact Valerie does not remember
exactly how many times appellant touched her.  We defer to the jury=s determination and evaluation of
Valerie=s credibility and demeanor.  Emenhiser
v. State, 196 S.W.3d 915, 930 (Tex. App.CFort Worth  2006, pet. ref=d).  A jury could have reasonably
believed Valerie=s testimony that appellant engaged in sexual contact with
Valerie, despite the passage of time between the offense and trial.  The jury
was free to determine how much Valerie=s inability to remember the specific
number of times affected her credibility.  This court=s evaluation should not substantially
intrude upon the jury=s role as the sole judge of the weight and credibility of
witness testimony.  Washington v. State, 127 S.W.3d 197, 204 (Tex. App.CHouston [1st Dist.] 2003, pet. dism=d, untimely filed). 

Furthermore, the testimony concerning whether Valerie=s family members believed her
outcries was also subject to the jury=s evaluation.  In light of the
verdict, it is clear the jury chose not to place great weight on this
testimony.  Nor is this testimony so contrary to the verdict as to call into
question whether the beyond-a-reasonable-doubt standard could have been met.  See
Prible, 175 S.W.3d at 731.  Additionally, the fact that Valerie continued
to have contact with appellant is not dispositive of the offense.  Valerie and
her mother both testified they guarded against leaving appellant alone with
Valerie.  The jury heard Valerie and her mother=s testimony, considered the
inconsistencies, if any, and still determined appellant was guilty of indecency
with a child.  Moreover, Valerie=s testimony standing alone is
sufficient to support appellant=s conviction.  Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon
2005); Tear v. State, 74 S.W.3d 555, 560 (Tex. App.CDallas 2002, pet. ref=d) (testimony of child victim alone
is sufficient to support conviction for indecency with a child). 








Finally, we conclude there is no merit to appellant=s argument regarding the lack of
physical medical evidence to support his conviction.  Valerie never claimed
appellant penetrated her or touched her underneath her clothing, therefore,
there would be no corroborating physical medical evidence.  

In viewing all the evidence in a neutral light, appellant=s conviction is not clearly wrong or
manifestly unjust given the weight and preponderance of the evidence, which we
determine to be factually sufficient.  See Rivera-Reyes v. State, 252
S.W.3d 781, 786 (Tex. App.CHouston [14th Dist.] 2008, no pet.).  Accordingly, we
overrule appellant=s sole issue on appeal from trial court cause number 1072757.

II.        The
September 2005 AHurricane Rita@ Offense

Appellant contends the evidence is not legally or factually
sufficient to support his conviction on the September 2005 offense. 
Specifically appellant challenges the evidence identifying him as the
perpetrator of the crime.  

A.        Legal
Sufficiency 

Appellant contends the evidence supporting the alleged
September 2005 offense is legally insufficient because (1) the complainant
herself testified she did not see the face of the person touching her; (2)
there was no evidence that the person touching the complainant spoke, therefore
complainant could not have recognized the offender=s voice; (3) the complainant=s sole basis for identifying her
offender was by the way his hands Afelt,@ without further elaboration; and (4)
there were at least four other persons with access to the complainant at the
time of the offense.  Essentially, appellant challenges Valerie=s identification of him as the
perpetrator.  

 

 








1.         Standard
of Review

In a legal sufficiency review, we view all the evidence in
the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct.
2781, 2789, 61 L. Ed. 2d 560 (1979); Salinas v. State, 163 S.W.3d 734,
737 (Tex. Crim. App. 2005).  We do not engage in a second evaluation of the
weight and credibility of the evidence, but only ensure the jury reached a
rational decision.  Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App.
1993); Harris v. State, 164 S.W.3d 775, 784 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d). 

2.         Analysis


The elements required for indecency with a child are set
forth above in section I. B.  See Tex. Penal Code ' 21.11.  A complainant=s testimony alone is sufficient to
support a conviction for indecency with a child.  See Tex. Code Crim.
Proc. Ann. art 38.07 (Vernon 2005).  It is within the sole province of the jury
to reconcile conflicts, contradictions, and inconsistencies in the evidence.  Bowden
v. State, 628 S.W.2d 782, 784  (Tex. Crim. App. 1982).  Additionally, the jury
is the judge of the credibility of the witnesses, and it is free to believe or
disbelieve any portion of the witnesses=s testimony.  Jones v. State,
984 S.W.2d 254, 257 (Tex. Crim. App. 1998).








Here, Valerie testified that she awoke in the middle of the
night while appellant was staying at her home, to find appellant touching her. 
She admitted she did not see his face because she was pretending to be asleep,
however she positively identified the perpetrator as appellant because she Acould remember how his hands felt.@  Valerie testified that she knew it
was appellant and not her uncle, her stepfather, or one of her brothers. Additionally,
Valerie testified to similarities between the offense in 1998, where appellant=s identity was not in question, and
the offense in 2005.  In both offenses the perpetrator only touched Valerie=s genitals over her clothing, he used
the same Arubbing and squeezing@ motion, he only touched her with his hands, and did not
speak or make any sounds while the incidents occurred.  

When conducting a legal sufficiency review, the jury=s verdict must stand unless it is
found to be irrational or unsupported by more than a Amere modicum@ of evidence, with such evidence
being viewed in the light of Jackson.  Roberson v. State, 16
S.W.3d 156, 166 (Tex. App.CAustin 2000, pet. ref=d).  The jury found Valerie=s testimony identifying appellant as
the perpetrator to be sufficient.  We must uphold the jury=s verdict unless it is irrational. 
Valerie was familiar with appellant=s touch and never wavered in her
identification of him.  Furthermore, although there were other guests in the
house with access to Valerie, there is no evidence in the record to link anyone
other than appellant to the indecent contact.  Resolving all ambiguities in the
evidence in favor of the prosecution, we find that there was evidence and
reasonable inferences therefrom upon which a rational trier of fact could have
found the essential elements of indecency with a child on the September 2005
offense.  Connell v. State, 233 S.W.3d 460, 469 (Tex. App.CFort Worth 2007, no pet.). 
Accordingly, we overrule appellant=s first issue on appeal from trial
court cause number 1072763.

B.        Factual
Sufficiency 

Appellant argues the evidence is factually insufficient to
support his conviction for  the alleged September 2005 offense because Valerie=s identification of appellant as the
perpetrator was based solely on the Afeel of the hands touching her.@  Appellant contends without visual
or voice identification the evidence is not sufficient to rule out the other
guests at Valerie=s home as the perpetrators of the crime. 

1.         Standard
of Review

The standard of review in a factual sufficiency inquiry is
set forth above in section I. A.








2.         Analysis


The elements of the offense of indecency with a child are set
forth above in section I. B.  See Tex. Penal Code ' 21.11 (Vernon 2003).  Although
appellant cloaks his argument under the title Afactual sufficiency,@ we believe he is actually attacking
the credibility of Valerie=s testimony.  Evaluation of the credibility of witnesses is
within the sole province of the jury.  See Fuentes v. State, 991 S.W.2d
267, 271 (Tex. Crim. App.
1999).  Valerie testified that she knew appellant was the person
touching her in the middle of the night.  Appellant essentially asks us to
disbelieve her testimony, even though the jury heard her testify and chose to
believe her.  A jury may choose to believe or disbelieve any portion of the
witnesses= testimony.  Bargas v. State, 252 S.W.3d 876, 887 (Tex. App.CHouston [14th Dist.] 2008, no pet.). 


We hold the jury=s decision to believe Valerie=s testimony was not unreasonable nor
did it amount to a manifestly unjust conviction.  See Prible, 175 S.W.3d
at 731. Valerie knew the way appellant=s touch felt because of the incidents
that took place in 1998 when she lived in the same household as appellant. 
Valerie testified that while she was living with appellant in 1998 the
incidents occurred more than once.  Thus, it was reasonable for a jury to infer
Valerie had become very familiar with appellant=s touch.  See Villani v. State,
116 S.W.3d 297, 303 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (a jury is entitled to draw
reasonable inferences from circumstantial evidence to ultimate facts). 
Therefore, it was also reasonable for the jury to believe Valerie was capable
of recognizing that same touch seven years later.  See id. 








Additionally, the touching in 2005 was nearly identical to
the touching in 1998.  It was done over Valerie=s clothing, the perpetrator touched
the same place on her body, the perpetrator used only his hands, and the
perpetrator remained silent during the touchingCall identical to the 1998 incident
where appellant=s identity was not in question.  The only difference in the
offenses is that in 2005 the offense occurred in the middle of the night. 
However, we do not believe this is dispositive of appellant=s identity.  Valerie testified that
in 1998 appellant touched her after school when no one else was around,
specifically while her grandmother, appellant=s girlfriend, was at work.  In the
2005 incident the perpetrator touched Valerie in the middle of the night when
everyone else was asleep. Thus, the time and place of the incidents are not so
different as to render it unlikely a jury would believe appellant was not the
perpetrator.  Again, we believe it was reasonable for a jury to infer Valerie
knew the perpetrator was appellant because of the similarities of the
incidents.  See id.                                              

Thus, we hold it was reasonable for a jury to find Valerie=s testimony credible and therefore we
hold the evidence is Afactually sufficient@ to support appellant=s conviction.  Accordingly, we overrule
appellant=s second issue on appeal from trial court cause number 1072763.

Conclusion

          Having overruled all of appellant=s issues on appeal, we affirm the
judgments of the trial court.  

 

 

 

 

/s/      John
S. Anderson

Justice

 

 

 

Panel consists of Justices Anderson, Guzman, and Boyce.

Do Not Publish C Tex.
R. App. P. 47.2(b).                                                                      









[1]  The minor complainant will be referred to by a
pseudonym to protect her identity.  





[2]  The first alleged offense occurred on or about
December 15, 1998.  The second alleged offense occurred on or about September
24, 2005.  





[3]  The minor complainant=s mother will be referred to by a pseudonym to protect the complainant=s identity.  





[4]  The minor complainant=s grandmother will be referred to by a pseudonym to protect the
complainant=s identity.  





[5]  At the time of trial Valerie was 16 years old.





[6]  As a factual sufficiency review begins with the
presumption the evidence supporting the jury=s
verdict is legally sufficient, and since appellant challenges only the factual
sufficiency of the evidence of the 1998 offense, he effectively concedes the
evidence is legally sufficient to sustain the conviction.  See Santellan v.
State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim.
App. 1996).