ACCEPTED
06-15-00151-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/1/2015 4:45:30 PM
DEBBIE AUTREY
CLERK

CASE NO. 6-15-00151-CR

In The

COURT OF APPEALS
SIXTH DISTRICT OF TEXAS
AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/2/2015 8:52:00 AM
DEBBIE AUTREY
Clerk

_____

EVENDER GENE JACKSON, JR., Appellant

VS.

THE STATE OF TEXAS, Appellee

On Appeal from 196th Judicial District Court
of Hunt County, Texas
Trial Court Cause No. 30,536
Honorable J. Andrew Bench, Judge Presiding

**APPELLANT'S BRIEF**
_____

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now the Appellant and submits this brief pursuant to the provisions of the

Texas Rules of Appellate Procedure in support of his request for the judgment of

conviction to be overturned in Cause No. 30,536.

Oral Arguments Requested

## IDENTITY OF PARTIES AND COUNSEL

Appellant's Attorney:
Jessica Edwards
P.O. Box 9318
Greenville, TX 75404

Appellant's Attorney at Trial:
Jeffrey Jason Jackson
1101 Main Street
Commerce, TX 75428

Appellee:
The State of Texas by and through
Calvin Grogan
Assistant Hunt County District Attorney
4th Floor Hunt County Courthouse
2507 Lee Street
Greenville, TX 75401

# **TABLE OF CONTENTS**

Identity of Parties and Counsel                                2

Table of Contents                                              3

Index of Authorities                                           4

Statement of the Case                                          6

Issues Presented                                               6

Statement of Facts                                             6

Point of Error Number One                                      9

Point of Error Number Two                                      13

Point of Error Number Three                                    15

Prayer for Relief                                              21

Certificate of Service                                         21

Certificate of Compliance                                      22

# INDEX OF AUTHORITIES

**Case Authority**                                                          **Page(s)**

**Federal Cases**

*Jackson v. Virginia,* 443 U.S. 307 (1979)                                          16

*Michel v. Louisiana,* 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83 (1955)               14

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)    13,14


**State Cases**

*Armstead v. State,* 977 S.W.2d 791(Tex.App.-Fort Worth 1998, pet. ref'd)           17

*Brooks v. State,* 580 S.W.2d 825 (Tex.Crim.App. [Panel Op.] 1979)                  17

*Cathey v. State,* 992 S.W.2d 460 (Tex.Crim.App.1999)                               19

*Cocke v. State,* 201 S.W.3d 744 (Tex.Crim.App. 2006)                               10

*Cordova v. State,* 698 S.W.2d 107 (Tex.Crim.App.1985)                              17

*Druery v. State,* 225 S.W.3d 491 (Tex. Crim. App. 2007)                         10, 19

*Gamez v. State,* 737 S.W.2d 315 (Tex.Crim.App. 1987)                            10, 15

*Garcia v. State,* 57 S.W.3d 436 (Tex. Crim.App.2001), *cert. denied,* 537 U.S. 1195, 123
S.Ct. 1351, 154 L.Ed.2d 1030 (2003)                                                 14

*Laster v. State,* 275 S.W. 3D 512 (Tex. Crim. App. 2009)                           16

*Martinez v. State,* 763 S.W.2d 413 (Tex. Crim. App. 1988)                          18

*Maynard v. State,* 166 S.W.3d 403 (Tex.App.-Austin 2005, pet. ref'd)               19

*Paredes v. State,* 129 S.W.3d 530 (Tex. Crim. App. 2004)                           10

*Ransom v. State,* 920 S.W.2d 288 (Tex.Crim.App.1994)                               17

*Rylander v. State,* 101 S.W.3d 107 (Tex.Crim.App.2003)                    14

*Saunders v. State,* 817 S.W.2d 688 (Tex. Crim. App. 1991)                10,11

*Smith v. State,* 332 S.W.3d 425 (Tex. Crim. App. 2011)                    9,10

*Solomon v. State,* 49 S.W.3d 356 (Tex.Crim.App.2001)                      19

 *Stephens v. State,* 717 S.W.2d 338 (Tex.Crim.App.1986)                   16

*Thompson v. State,* 9 S.W.3d 808 (Tex. Crim.App.1999)                     14

*Vodochodsky v. State,* 158 S.W.3d 502 (Tex. Crim. App. 2005)             16

*Walker v. State,* 615 S.W.2d 728 (Tex.Crim.App.1981)                      19

*Washington v. State,* 127 S.W.3d 197 (Tex. App. Houston [1st Dist. ] 2003,
pet. Dism'd)                                                               16

*Wincott v. State,* 59 S.W.3d 691 (Tex.App.-Austin 2001, pet. ref'd)       19

*Wooden v. State,* 101 S.W.3d 542 (Tex.App.-Fort Worth 2003, pet. ref'd)  16,18

**Statute and Rules**

Tex. Code Crim. Pro. Article 38.14                                         9,19

Tex. Penal Code. Sec. 7.02                                                 16,17

Tex. Penal Code. Sec. 15.02                                                17

## STATEMENT OF THE CASE

This is an appeal of judgment and sentence in a criminal case from the 196th Judicial District Court in Hunt County, Texas. Appellant was convicted by a jury of Aggravated Robbery with a Deadly Weapon on August 11, 2015. On August 12, 2015, the jury assessed Appellant's punishment at 50 years in the Texas Department of Criminal Justice, Institutional Division.

## ISSUES PRESENTED

**Point of Error No. 1:**

The Trial Court erred in failing to submit an accomplice witness charge in the jury instructions under Texas Code of Criminal Procedure Article 38.14.

**Point of Error No. 2:**

Appellant received ineffective assistance of trial counsel due to trial counsel's failure to request an accomplice witness instruction in the jury charge.

**Point of Error No. 3:**

The evidence is legally insufficient to prove Appellant guilty of Aggravated Robbery with a Deadly Weapon.

## STATEMENT OF FACTS

On June 15, 2015, Spencer Sweeden was playing video games and drinking beer with a friend until the wee hours of the morning. (R.R. 3, p. 29). Mr. Sweeden was carrying a $CO_2$ pistol with him as he began to walk home. (R.R. 3, 29, 31). As Mr. Sweeden walked down the street, he noticed a man on a bicycle pass him and go into a

6

white house. (R.R. 3, p. 32). Mr. Sweeden was able to identify the race of the man on the bicycle as African-American. (R.R. 3, p. 32). As Mr. Sweeden continued to walk, the man on the bicycle and another African-American man wearing basketball shorts came out of the white house. (R.R. 3, p. 32). The two men began talking to Mr. Sweeden. (R.R. 3, p. 33). Mr. Sweeden testified he became nervous and told the two men that he was "strapping." (R.R. 3, p. 33). According to Mr. Sweeden, the two men rushed up to him, one going in front of him and one behind. (R.R. 3, p. 34). Mr. Sweeden testified the man who had been on the bicycle was behind him, grabbed him by the head, forced him to the ground and began to beat him. (R.R. 3, p. 34). Mr. Sweeden further testified the other man stood in front of him brandishing a weapon that appeared to be a sawed-off shotgun. (R.R. 3, p. 34-35). Mr. Sweeden testified the man who had been on the bicycle asked him what he had on him and took his wallet, his keys, his hat and his $CO_2$ pistol. (R.R. 3, p. 35).

Later that morning, Mr. Sweeden described the individuals to the Commerce Police Department. (R.R. 3, p. 38). Mr. Sweeden described the man on the bicycle as a black male wearing a vest with many pockets. (R.R. 3, p. 38). Mr. Sweeden described the other individual as wearing basketball shorts, a t-shirt, and having his hair done in cornrows. (R.R. 3, p. 39).

A few days after the incident, Mr. Sweeden participated in a photo lineup at the Commerce Police Department. (R.R. 3, p. 40). Mr. Sweeden testified he was able to identify the two individuals involved in the incident in the photo lineup. (R.R. 3, p. 41). In open court, Mr. Sweeden identified Appellant as one of the men involved in the

7

incident. (R.R. 3, p. 41). However, Appellant did not specify whether Appellant was the man on the bicycle or the man with the gun.

The State called Eddie James Dean, Jr. to testify as an accomplice witness. (R.R. 3, p. 49). Mr. Dean testified that he committed the aggravated robbery of Spencer Sweeden with Evender Jackson on June 15, 2015. (R.R. 3 p. 50-51). Mr. Dean testified that he held the gun during the robbery and that Appellant is the one who struck Mr. Sweeden and took his things. (R.R. 3, p. 51). According to Mr. Dean, he and Appellant had not made any plan to commit the aggravated robbery of Mr. Sweeden, or of anyone else. (R. R. 3, p. 52-53). Mr. Dean never informed Appellant that he had a gun nor did Mr. Dean tell Appellant he was going to get and use a gun. (R.R. 3, p. 62). Mr. Dean testified that he did not get his shotgun until Mr. Sweeden said he was armed. (R.R. 3, p. 54). Mr. Dean testified that when Appellant first arrived at the garage where Mr. Dean was, Mr. Dean did not have his shotgun. (R.R. 3, p. 54). Mr. Dean testified that Appellant approached Mr. Sweeden first and was talking to him and that Mr. Dean retrieved his shotgun from his garage after Mr. Sweeden announced he had a was armed. (R.R. 3, p. 55). There is no evidence in the record that Appellant every aided, solicited, or in any way encouraged Mr. Dean to use or exhibit his gun.

Eddie James Dean, Jr. was a convicted felon at the time he testified against Appellant. (R.R. 3, p. 58).

Officer Tyler Oakley with the Commerce Police Department testified he received a description of two suspects from Spencer Sweeden. (R.R. 3, p. 74). Tyler Oakley, David Wallace and Marcus Cantera all testified that they came upon Appellant outside

the house on Washington Street, standing beside a vehicle. (R.R. 3, p. 76, 93, 110). The officers testified that they saw items on the hood of the vehicle, including the California ID of Spencer Sweeden. (R.R. 3, p. 76, 93, 110). None of the witnesses testified they saw Appellant in possession of the items, nor was any evidence presented that Appellant placed the items on the hood of the vehicle. None of the State's three law enforcement officers saw Appellant wearing the vest with many pockets described by Mr. Sweeden. None of the State's law enforcement witnesses saw Appellant on the bicycle described by Mr. Sweeden. Marcus Cantera testified that as he approached the scene of the crime, saw the "silhouette of an individual, which appeared to be on a bicycle. (R.R. 3, p. 109). Sgt. Cantera further testified that he turned a corner and then saw a black male standing beside a vehicle with a bicycle on the ground next to him. (R.R. 3, 110). Sgt. Cantera said it was his belief this was the same person he had seen on the bicycle. (R.R. 3, p. 10).

## POINT OF ERROR NUMBER ONE

The Trial Court erred in failing to submit a jury instruction under Texas Code of Criminal Procedure Article 38.14.

### The Law

Under Texas Code of Criminal Procedure Article 38.14, a conviction cannot stand on an accomplice witness's testimony unless the testimony is corroborated by other, non-accomplice evidence that tends to connect the accused to the offense.

The Legislature has held that the factfinder in any criminal case should exercise caution when considering the testimony of an accomplice. *Smith v. State,* 332 S.W.3d 425,

9

439 (Tex. Crim. App. 2011) Accomplice testimony is particularly suspect as "accomplices often have incentives to lie, such as to avoid punishment or shift blame to another person." *Id.* An accomplice is a person who participates in the offense before, during, or after its commission with the requisite mental state. *Druery v. State,* 225 S.W.3d 491, 498 (Tex. Crim. App. 2007) citing *Paredes v. State,* 129 S.W.3d 530, 536 (Tex. Crim. App. 2004).

A State's witness may be an accomplice as a matter of law or as a matter of fact. *Cocke v. State,* 201 S.W.3d 744, 747 (Tex.Crim.App. 2006). A witness who is indicted for the same offense or a lesser-included offense as the accused is an accomplice as a matter of law. *Id* at 748. When the evidence clearly shows that a witness is an accomplice as a matter of law, the trial judge ***must*** instruct the jury accordingly. *Gamez v. State,* 737 S.W.2d 315, 322 (Tex.Crim.App. 1987). Failure to provide such a charge is error. *Id.* When the jury is not informed of this requirement it makes it possible for rational jurors to convict even absent corroboration which they find convincing. *Id.*

## Harm Analysis

Omission of an unrequested jury instruction applicable to the case calls for a new trial only when the defendant was greatly disadvantaged thereby. *Saunders v. State,* 817 S.W.2d 688, 692 (Tex. Crim. App. 1991). This degree of harm, sufficiently serious to be called "egregious," is present whenever a reviewing court finds that the case for conviction or punishment was actually made clearly and significantly more persuasive by the error. *Id.*

Appellate Courts have found the error was egregiously harmful because "rational jurors

10

would have found the State's case for conviction clearly and significantly less persuasive had they been properly instructed *Id.* at 693.

## Argument

Eddie James Dean, Jr. was one of the State's principal witness against Appellant at his trial. At the time Mr. Dean testified against Appellant, he himself had been indicted for the same offense for which Appellant was standing trial. (R.R. 3, p. 11-12). The indictment filed in Appellant's case alleged that Appellant, "individually and acting together with Eddie James Dean, Jr." committed the offense for which Appellant was tried. Mr. Dean was unquestionably therefore an accomplice as a matter of law, and it was error for the trial court to fail to submit an accomplice-witness instruction to the jury.

Although Appellant did not object at trial, Appellant is nonetheless entitled to a reversal as the record demonstrates that the error resulted in egregious harm. The State's most incriminating evidence against Appellant was the testimony of the accomplice, Eddie Dean. Our law requires that such testimony be corroborated by evidence connecting Appellant with the offense before conviction is warranted. Failure to inform the jury of this requirement makes it possible for rational jurors to convict even absent corroboration which they find convincing.

In the instant cause, the State's only evidence defining Appellant's role in the charged offense came from the accomplice, Eddie Dean. While Spencer Sweeden, the victim named in the State's indictment, was able to identify Appellant's face as someone he recognized, he was never able to identify which of the two person's Appellant was; i.e.

11

the man on the bicycle or the man in the basketball shorts. Mr. Sweeden's identification was so weak that, without the accomplice testimony, the jury would have no idea whether Appellant was alleged to be the man who held the gun or the man who hit Mr. Sweeden. Therefore, Mr. Dean's testimony as to Appellant being the individual who struck Mr. Sweeden during the encounter is totally uncorroborated.

None of the State's other witnesses were able to testify that Appellant had any involvement in the offense. The only evidence provided by the State's law enformcment witnesses merely places Appellant in the vicinity of the crime. The State put forward three law enforcement officers who testified seeing Appellant near the scene of the robbery. None of the witnesses identified Appellant as being either the man in the basketball shorts nor the man who was riding the bicycle and wearing the vest with many pockets. Rather, Appellant, an African-American man, was found in a predominately black neighborhood (R.R. 3, p. 33), near the items that were deemed to be evidence in the crime being investigated. None of the State's witnesses saw Appellant to be wearing the much talked of vest nor to be in possession of any of the items taken from Mr. Sweeden. None of the law enforcement officers were able to identify Appellant as riding the bicycle described by Mr. Sweeden. Sgt. Cantera did say he saw a "silhouette" of an individual, and after he turned a corner he saw a man, later identified as Appellant, standing beside a bicycle and a vehicle. Sgt. Cantera then testified he believed the silhouette he saw to be the same man standing beside the vehicle, however he does not articulate any reasonable facts for his assumption.

Our law requires that accomplice testimony must be corroborated before

12

conviction is warranted. Failure to inform the jury of this requirement makes it possible for rational jurors to convict even absent corroboration which they find convincing. The court failed to provide sufficient guidance to allow the jury to reliably ascertain the witnesses' status and to properly weigh the evidence. Other than the accomplice testimony, there is no evidence in the record to prove that Appellant had any involvement in the charged robbery other than being in the vicinity where a crime occurred.

It is clear that the trial court had a duty to charge the jury regarding accomplice testimony and it is equally clear the courted failed to do so. The trial court's error effectively denied Appellant a fair trial as all evidence connecting defendant to the offense, other than accomplice testimony, was exceedingly weak.

For those reasons, the trial court's error in failing to charge the jury regarding accomplice testimony caused Appellant egregious harm and Appellant's conviction should be reversed.

## POINT OF ERROR NUMBER TWO

Appellant received ineffective assistance of trial counsel due to trial counsel's failure to request an accomplice witness instruction in the jury charge.

### The Law

Ineffective assistance of counsel claims are evaluated under the two-part test formulated by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) requiring a showing of both deficient performance and prejudice. To show that trial counsel was ineffective, appellant must demonstrate that: 1)

13

trial counsel's performance was deficient because it fell below an objective standard of reasonableness; and 2) a probability sufficient to undermine confidence in the outcome existed that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* Judicial scrutiny of counsel's performance must be highly deferential and that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* Thus "the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" *Id.,* quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). Failure of appellant to make either of the required showings of deficient performance and sufficient prejudice defeats the claim of ineffective assistance. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim.App.1999) .A *Strickland* claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Id.* at 812. Trial counsel's conduct is reviewed with great deference, without the distorting effects of hindsight, where counsel's reasons for failing to do something do not appear in the record. *Id.* at 813. We have said that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State,* 101 S.W.3d 107, 111 (Tex.Crim.App.2003). Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State,* 57 S.W.3d 436, 440 (Tex. Crim.App.2001), *cert. denied,* 537 U.S. 1195, 123 S.Ct. 1351, 154 L.Ed.2d 1030 (2003).

**<u>Argument</u>**

14

It is clear that Appellant was entitled to a jury charge regarding accomplice testimony, as Eddie James Dean, Jr. was an accomplice as a matter of law. (see Point of Error Number One). The record is equally clear that trial counsel failed to request such a charge. The accomplice witness charge is of such importance to the fair trial of an accused that it is error not to provide such a charge where one is warranted. *Gamez* at 322.

While great deference should be given to the trial strategy by trial counsel, there is no sound trial strategy that can explain counsel's failure to request this important instruction to the jury. The instruction would have properly advised the jury of their responsibility to find Appellant not guilty, unless the accomplice testimony was corroborated by other evidence. As outlined in point of error number one, the corroborating evidence in this case was either wholly lacking, or so weak as to provide no credible corroboration.

Had the jury been properly charged, there is a significant probability that the outcome would have been different in this case. Trial counsel's unprofessional error is of such significance as to undermine the confidence in the verdict. But for counsel's failure to request the accomplice witness charge, the result of the proceedings would have been different.

## POINT OF ERROR NUMBER THREE

The evidence is legally insufficient to find Appellant guilty of Aggravated Robbery with a Deadly Weapon.

## The Law

15

In a criminal case, an appellant may raise legal sufficiency for the first time on appeal. *Washington v. State,* 127 S.W.3d 197 (Tex. App. Houston [1ˢᵗ Dist. ] 2003, pet. Dism'd).  When reviewing legal sufficiency of the evidence, a court must look at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense were proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Vodochodsky v. State,* 158 S.W.3d 502 (Tex. Crim. App. 2005).  While giving the proper deference to the factfinder's role, this court must safe guard against the rare occurrence when a factfinder does not act rationally. *Laster v. State,* 275 S.W. 3D 512 (Tex. Crim. App. 2009).

### Law of Parties

Under the law of parties, a person may be convicted as a party to an offense if the offense is committed by his own conduct or by the conduct of another for which he is criminally responsible. TEX. PEN. CODE § 7.02. The penal code provides two ways by which a person may be criminally responsible for another's conduct: (1) by being a "party" to the offense under section 7.02(a); or (2) by being part of a conspiracy to commit a felony under section 7.02(b). *See id.* § 7.02(a), (b).

Texas Penal Code Section 7.02(a)(2) provides that a person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id.* § 7.02(a)(2).  To convict a defendant as a party to an aggravated offense, the State must prove that the defendant was criminally responsible for the aggravating element. *Wooden v. State,* 101 S.W.3d 542, 547–48

16

(Tex.App.-Fort Worth 2003, pet. ref'd) (citing *Stephens v. State,* 717 S.W.2d 338, 340 (Tex.Crim.App.1986)). The defendant must have, with intent to promote or assist the aggravated assault, solicited, encouraged, directed, aided, or attempted to aid the other person in committing the aggravated assault. *Id.*

When a legal sufficiency complaint is raised, as an offender convicted as a party, the evidence will be held sufficient to convict under the law of parties where the defendant is physically present at the commission of the offense *and* encourages its commission by words or other agreement. *Ransom v. State,* 920 S.W.2d 288, 302 (Tex.Crim.App.1994); *Cordova v. State,* 698 S.W.2d 107, 111 (Tex.Crim.App.1985). For a conviction to be upheld, the evidence must show that at the time of the offense, the parties were acting together, each contributing some part towards the execution of their common purpose. *Brooks v. State,* 580 S.W.2d 825, 831 (Tex.Crim.App. [Panel Op.] 1979); *Armstead v. State,* 977 S.W.2d 791, 797 (Tex.App.-Fort Worth 1998, pet. ref'd).

The second way that a person can be criminally responsible for another's conduct is found in section 7.02(b), which provides that if, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy. TEX PEN.CODE ANN § 7.02(b). The term "conspiracy" is defined as an agreement between two or more persons, with intent that a felony be committed, that they, or one or more of them, engage in conduct that would constitute the offense. *Id.* § 15.02(a).

17

A person's criminal responsibility for another's conduct does not extend further than that which he specifically intended to promote in aiding. *Martinez v. State,* 763 S.W.2d 413, 425 (Tex. Crim. App. 1988) (evidence of appellant's plan and aid to commit robbery was legally insufficient to show his encouragement and intent to commit capital murder); *see also Wooden,* 101 S.W.3d at 547–49 (evidence of appellant's intent to promote or assist attempted theft as lookout was not legally sufficient to support conviction for subsequent aggravated assault.)

## Argument

The evidence is insufficient to sustain Appellant's Aggravated Robbery with a Deadly Weapon conviction as Appellant did not use or exhibit a deadly weapon, nor did he encourage, promote or assist in the use of a deadly weapon. The record is devoid of any evidence to show Appellant had any knowledge that a deadly weapon was present during the encounter. In fact, the only evidence presented is that Appellant did not have any prior knowledge that Eddie Dean had a gun or that Mr. Dean would use said gun during Appellant's encounter with Mr. Sweeden.

The State presented Eddie Dean as an accomplice witness against Appellant and Spencer Sweeden as the victim of the charged offense. Neither witness provided any evidence that Appellant solicited, encouraged, directed, aided or attempted to aid Eddie Dean in the use of a deadly weapon during the encounter with Spencer Sweeden. The State's own accomplice witness denied there was any plan to commit a robbery. Appellant never asked Mr. Dean to use a gun, nor did he have any knowledge Mr. Dean would retrieve a gun from his garage. Therefore, Appellant is not criminally responsible

18

for the actions of Mr. Dean and the evidence is insufficient to find that Appellant used or exhibited a deadly weapon.

Viewing the evidence in the light most favorable to the verdict fails to establish there was a plan or agreement to commit robbery with Eddie Dean, nor to use or exhibit a deadly weapon. There is no evidence on which the jury could inferred that Appellant intended to promote or assist in the use of a deadly weapon.

### Uncorroborated Accomplice Witness Witness

In Texas, a conviction cannot be had upon the testimony of an accomplice unless that testimony is corroborated by other evidence tending to connect the defendant with the offense. Tex.Code Crim. Proc. Ann. art. 38.14 (West 2005). The testimony of an accomplice witness is inherently untrustworthy and should be received and acted on with caution because it is "evidence from a corrupt source."[3] *Walker v. State,* 615 S.W.2d 728, 731 (Tex.Crim.App.1981); *Wincott v. State,* 59 S.W.3d 691, 698 (Tex.App.-Austin 2001, pet. ref'd). This accomplice-witness rule creates a statutorily imposed review and is not derived from federal or state constitutional principles that define the factual and legal sufficiency standards. *Druery* at 498 . Thus, to weigh the sufficiency of the corroborative evidence, a court must disregard the accomplice's testimony and examine the remaining portions of the record to ascertain whether there is evidence tending to connect the accused with the commission of the crime. *Solomon v. State,* 49 S.W.3d 356, 361 (Tex.Crim.App.2001); *Maynard v. State,* 166 S.W.3d 403, 410 (Tex.App.-Austin 2005, pet. ref'd). If the combined weight of the non-accomplice evidence tends to connect the defendant to the offense, then the requirement of article 38.14 has been fulfilled. *Cathey v.*

19

*State,* 992 S.W.2d 460, 462 (Tex.Crim.App.1999). However, evidence that merely proves that the offense was committed does not suffice. *Id.*

<u>**Argument**</u>

The key witness in the State's case defining Appellant's role in the charged offense was accomplice witness, Eddie Dean. As argued above, while Spencer Sweeden, the victim named in the State's indictment, was able to identify Appellant's face as someone he recognized, he was never able to identify which one, of the two persons he described as being involved in the offence, was Appellant. Mr. Sweeden's identification was so weak that, without the accomplice testimony, the jury would have no idea whether Appellant was alleged to be the man who held the gun or the man who hit Mr. Sweeden. Mr. Sweeden never testified that Appellant hit him. Mr. Dean's accomplice testimony as to Appellant being the individual who struck Mr. Sweeden during the encounter is totally uncorroborated.

The only other evidence provided by witnesses other than the accomplice and Mr. Sweeden merely places Appellant in the vicinity of the crime, near items that were determined to be evidence. None of the State's law enforcement witnesses observed Appellant take part in any elements of the offense, neither did said witnesses observe Appellant in possession of the items taken from Mr. Sweeden. Mr. Sweeden did not testify that Appellant was the person who took the items from him. Appellant was not tied to the items taken from Mr. Sweeden by fingerprints or any other type of forensic analysis. Again, the sole link at trial to Appellant being the individual who took items from Mr. Sweeden was the uncorroborated testimony of accomplice Dean.

The suspect and unreliable testimony of a convicted felon, himself under indictment for Aggravated Robbery with a Deadly weapon, is an insufficient basis upon which to predicate a felony conviction. Therefore, Appellant's conviction is not supported by the facts presented at trial and should therefore be reserved.

## PRAYER FOR RELIEF

For the reasons stated hereinabove, it is respectfully submitted that, upon appellate review, the Court of Appeals should reverse the judgment of conviction and sentence of the Trial Court.

Respectfully submitted,

 /s/ Jessica Edwards
JESSICA EDWARDS
Attorney for Appellant
Evender Gene Jackson, Jr.
State Bar Number - 24000994
P.O. Box 9318
Greenville, Texas 75404
Telephone Number - (903) 458-9108
Facsimile Number - (903) 200-1359
jessicaedwardslaw@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Appellant's Brief was served on the Hunt County District Attorney's Office through the efiletexas website on December 1, 2015.

/s/ Jessica Edwards
Jessica Edwards

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Appellant's Brief was delivered to Appellant via certified mail to the Telford Unit; TDCJ-ID on December 2, 2015

/s/ Jessica Edwards
Jessica Edwards

## CERTIFICATE OF COMPLIANCE

I certify that Appellant's Brief is written in Times New Roman font in 13 point text. Appellant's brief has 4929 words according to the word count feature on the undersigned attorneys word processing program.

/s/ Jessica Edwards
Jessica Edwards